PETER STIRBA (Bar No. 3118)
KATHLEEN ABKE (Bar No. 12422)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: kabke@stirba.com

*Attorneys for Defendants Daniel Scott Peay and Morgan County, Utah*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>　　Plaintiff,<br><br>v.<br><br>DANIEL PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN and JANE DOES 1-10,<br><br>　　Defendants. | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**<br>**and JURY DEMAND**<br><br>Case No. 1:14-cv-00147-TC<br><br>Judge Tena Campbell |

　　Defendants Daniel Scott Peay and Morgan County, by and through undersigned counsel, and in response to Plaintiff's Amended Complaint, hereby answer, allege, and defend as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

**SECOND DEFENSE**

In response to the specific allegations in Plaintiff's Amended Complaint, Defendants allege as follows:

**PRELIMINARY STATEMENT**

Answering the preliminary statement, these allegations do not comport with the requirements of Fed. R. Civ. P. 10(b) in that the allegations are not set out in separately numbered paragraphs, and are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in the preliminary statement.

**JURISDICTION AND VENUE**

1. Answering paragraphs 1 and 2, 3, 4, 5, 6, 7, an 8, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraphs 1 and 2.

2. Answering paragraph 3, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants admit the allegations in paragraph 3.

3. Answering paragraph 4, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 4.

4. Answering paragraph 5, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants admit that the incident from which Plaintiff's claims arise occurred in the State of Utah and that venue for Plaintiff's federal claims in the District of Utah, Northern Division is properly invoked pursuant to 28 U.S.C. §§ 1331 & 1391, but deny the remaining allegations in paragraph 5.

5. Answering paragraphs 6, 7, and 8, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraphs 6, 7 and 8.

## PARTIES

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

7. Answering paragraph 10, Defendants admit that Morgan County is a political subdivision of the State of Utah, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10.

8. Answering paragraph 11, Defendants admit that Blaine Breshears is the elected Sheriff of Morgan County and was the Morgan County Sheriff on November 25, 2012.

Defendants further admit that Sheriff Breshears is not named as a defendant in this action, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11.

9. Answering paragraph 12, Defendants admit that the Morgan County Sheriff's Office is a Department of Morgan County, Utah, but deny the remaining allegations in paragraph 12.

10. Answering paragraph 13, Defendants admit that a person elected as Sheriff of Morgan County, Utah is an elected official of Morgan County, Utah, but deny the remaining allegations in paragraph 13.

11. Answering paragraph 14, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny that the MCSO is a named defendant in this action, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14.

12. Answering paragraph 15, Defendants admit that Defendant Daniel Scott Peay is was a Sergeant in the Morgan County Sheriff's Office on November 25, 2012, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15.

13. Answering paragraphs 16, 17, and 18, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required.

However, to the extent such a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 16 through 18.

14. Answering paragraph 19, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 19.

## GENERAL ALLEGATIONS

15. Deny the allegations in paragraph 20.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21.

17. Admit the allegations in paragraph 22.

18. Deny the allegations in paragraphs 23 and 24.

19. Admit the allegations in paragraph 25.

20. Deny the allegations in paragraphs 26, 27 and 28.

21. Answering paragraph 29, Defendants admit that Plaintiff drove her truck into Sgt. Peay's police vehicle near where Sgt. Peay was standing and that this occurred on Cottonwood Drive, but deny the remaining allegations in paragraph 29.

22. Answering paragraph 30, Defendants admit that Plaintiff's truck collided into Sgt. Peay's police vehicle, but deny the remaining allegations in paragraph 30.

23. Deny the allegations in paragraph 31.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32.

25. Deny the allegations in paragraph 33.

26. Answering paragraph 34, Defendants admit that after striking Sgt. Peay's police vehicle, Plaintiff reversed. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 34.

27. Answering paragraph 35, Defendants admit that after she backed up, Plaintiff drove forward again toward the police vehicles in front of her. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35.

28. Deny the allegations in paragraph 36.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37.

30. Deny the allegations in paragraphs 38 and 39.

31. Answering paragraph 40, Defendants admit that Plaintiff drove forward into the front of the driver's side of Deputy Christian Peay's police vehicle, but deny the remaining allegations in paragraph 40.

32. Deny the allegations in paragraphs 41, 42, 43, 44, 45, 46, 47, 48 and 49.

33. Answering paragraph 50, Defendants admit that Sgt. Peay fired one round from his service weapon at Plaintiff and that the bullet went through the windshield of Plaintiff's truck, but deny the remaining allegations in paragraph 50.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 51, 52, 53, 54, 55, 56 and 57.

35. Deny the allegations in paragraph 58.

36. Answering paragraph 59, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 59.

37. Deny the allegations in paragraph 60.

38. Answering paragraph 61, Defendants admit that the MCSO is funded, in part, by taxes levied by Morgan County, but deny the remaining allegations in paragraph 61.

39. Answering paragraph 62, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 62.

### FIRST CAUSE OF ACTION

**"Excessive Deadly Force in Violation of the Fourth Amendment –
Cognizable Under 42 U.S.C. § 1983"**

*Against Sgt. Peay in His Individual Capacity*

40. Answering paragraph 63, Defendants incorporate by reference their previous responses to paragraphs 1 through 62.

41. Deny the allegations in paragraph 64.

42. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65.

43. Deny the allegations in paragraphs 66, 67, 68, 69, 70, and 71.

44. Answering paragraph 72, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72.

45. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73.

46. Answering paragraph 74, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 74.

47. Answering paragraph 75, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 75.

48. Deny the allegations in paragraphs 76 and 77.

49. Answering paragraph 78, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 78.

50. Deny the allegations in paragraph 79.

51. Answering paragraph 80, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 80.

52. Answering paragraph 81, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 81.

**SECOND CAUSE OF ACTION**

**"Deprivation of Life and Liberty Without Due Process, in Violation of the Fifth and/or Fourteenth Amendments – Cognizable Under 42 U.S.C. § 1983"**

*Against Sgt. Peay in His Individual Capacity*

53. Answering paragraph 82, Defendants incorporate by reference their previous responses to paragraphs 1 through 81.

54. Answering paragraphs 83, 84, 85, and 86 the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraphs 83, 84, 85, and 86.

55. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87.

56. Deny the allegations in paragraph 88.

57. Answering paragraph 89, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 89.

**THIRD CAUSE OF ACTION**

**"Unlawful or Deficient Policies, Procedures, and/or Protocols – Cognizable Under 42 U.S.C. § 1983"**

*Against Morgan County in its Official Capacity*

58. Answering paragraph 90, Defendants incorporate by reference their previous responses to paragraphs 1 through 89.

59. Deny the allegations in paragraphs 91, 92, 93, 94, 95, 96, 97, 98, 99 and 100.

60. Answering paragraph 101, the allegations regarding the imposition of punitive damages are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 101 regarding the imposition of punitive damages. Defendants further deny the remaining allegations in paragraph 101.

61. Answering paragraph 102, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 102.

**FOURTH CAUSE OF ACTION**

**"Failure to Train and/or Supervise –
Cognizable Under 42 U.S.C. § 1983"**

*Against Morgan County in its Official Capacity*

62. Answering paragraph 103, Defendants incorporate by reference their previous responses to paragraphs 1 through 102.

63. Deny the allegations in paragraphs 104, 105, 106, 107, 108, 109 and 110.

64. Answering paragraph 111, the allegations regarding the imposition of punitive damages are not statements of fact, but are interpretations of law and/or state legal conclusions to

which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 111 regarding the imposition of punitive damages. Defendants further deny the remaining allegations in paragraph 111.

65. Deny the allegations in paragraphs 112 and 113.

66. Answering paragraph 114, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 114.

## FIFTH CAUSE OF ACTION

**"Violation of State Civil Rights Brought Pursuant to the Court's Supplemental Jurisdiction Under 28 U.S.C.A 1367(a)"**

*Against All Defendants*

67. Answering paragraph 115, Defendants incorporate by reference their previous responses to paragraphs 1 through 114.

68. Deny the allegations in paragraph 116.

69. Answering paragraph 117, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 117.

70. Deny the allegations in paragraph 118.

71. Answering paragraph 119 the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 119.

72. Deny the allegations in paragraph 120.

73. Answering paragraph 121, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 121.

74. Deny the allegations in paragraph 122.

75. Answering paragraphs 123, 124, 125, 126, 127, and 128 the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraphs 123, 124, 125, 126, 127 and 128.

76. Deny the allegations in paragraph 129.

77. Answering paragraph 130, the allegations regarding the imposition of punitive damages are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations regarding the imposition of punitive damages in paragraph 130. Defendants further deny the remaining allegations in paragraph 130.

78. Answering paragraph 131, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required. However, to the extent such a response is required, Defendants deny the allegations in paragraph 131.

79. Deny the allegations in paragraph 132.

80. Answering paragraph 133, the allegations regarding the imposition of punitive damages are not statements of fact, but are interpretations of law and/or state legal conclusions to

which no response is required. However, to the extent such a response is required, Defendants deny the allegations regarding the imposition of punitive damages in paragraph 133. Defendants further deny the remaining allegations in paragraph 133.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Claims for Relief, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Defendants did not violate a constitutional, statutory or common law right, privilege or immunity of the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as any and all actions or inactions on the part of Defendants do not violate clearly established law, were objectively reasonable, and therefore Defendants have qualified immunity from suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, as Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has suffered no compensable injury or damage as a result of Defendants' conduct.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate her damages, if any, any potential recovery under such claims advanced by Plaintiff's Complaint should be barred or appropriately reduced.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith, without malice and without the intent to violate the Plaintiff's civil rights.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery. Defendants assert each and every affirmative defense as it may be ascertained through future discovery in this matter.

### JURY DEMAND

Defendants demand a jury trial in this matter.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants pray that the same be dismissed, no cause of action, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief as this Court deems appropriate.

DATED this 30th day of January, 2015.

                        **STIRBA, P.C.**

                        By:      /s/ Kathleen Abke
                               PETER STIRBA
                               KATHLEEN ABKE
                               *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2015, a true copy of the foregoing **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND** was served by the method indicated below, to the following:

| | |
|---|---|
| Robert B. Sykes<br>Alyson Carter McAllister<br>Rachel L. Sykes<br>SYKES McALLISTER LAW OFFICES, PLLC<br>311 South State Street, Suite 240<br>Salt Lake City, UT  84111<br>bob@sykesinjurylaw.com<br>alyson@sykesinjurylaw.com<br>rachel@sykesinjurylaw.com | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) Electronic Filing<br>(  ) Email |
| Richard T. Williams<br>ALLEN PACE LAW, P.C.<br>2550 Washington Blvd., Suite 300<br>Ogden, UT  84401<br>rich@arplegal.com | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) Electronic Filing<br>(  ) Email |

/s/ Zachary B. Hoddy
Legal Assistant