IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a political subdivision, and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**GRANTING PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY,**<br><br>**GRANTING DEFENDANTS' MOTION FOR AN AMENDED SCHEDULING ORDER, and**<br><br>**DENYING DEFENDANTS' MOTION TO COMPEL RULE 35 INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF**<br><br>Case No. 1:14-cv-147-TC-BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

District Judge Tena Campbell has referred this case to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A).[1] Before the Court are the following motions: (1) Plaintiff Kristine Biggs Johnson's ("Plaintiff") Motion for Extension of Time for Fact Discovery,[2] (2) Defendants Daniel Peay and Morgan County's ("Defendants") Motion for Scheduling Order,[3] and (3) Defendant's Motion to Compel Rule 35 IME of Plaintiff.[4] On November 5, 2015, the Court held oral argument on these motions. At the hearing, Plaintiff was represented by Mr. Robert Sykes and

---

[1] Docket no. 15.

[2] Docket no. 18.

[3] Docket no. 19.

[4] *Id.*

Defendants were represented by Mr. Peter Stirba and Ms. Julia Kyte. At the conclusion of the hearing the Court took the matters under advisement.[5] Since oral argument, the Court has further considered the arguments made by counsel in their briefs and at the hearing, the procedural posture of the case, and relevant case law. Now being fully informed, the Court issues the following Memorandum Decision and Order.

## BACKGROUND

On November 24, 2012, Plaintiff was shot by police officer Daniel Peay following a vehicular pursuit. The incident resulted in Plaintiff losing her left eye. Plaintiff's First Amended Complaint alleges five causes of action against officer Peay and his employer Morgan County: (1) excessive deadly force in violation of the Fourth Amendment (against Defendant Peay); (2) deprivation of life and liberty without due process in violation of the Fifth and Fourteenth Amendments (against Defendant Peay); (3) unlawful or deficient policies, procedures, and/or protocols (against Defendant Morgan County ); (4) failure to train and/or supervise (against Morgan County); and (5) violation of state civil rights (against all defendants).

The motions currently at issue relate to discovery that is yet to be completed in the case. Plaintiff's Motion to extend fact discovery seeks that the Court extend the existing Scheduling Order due to difficulties that have occurred in arranging and completing depositions of law enforcement officers that may have discoverable information and allow for additional written discovery that may result from additional depositions.

Defendants Peay and Morgan County have moved to amend the schedule to allow additional time in order to compel Plaintiff to undergo a mental examination pursuant to Rule 35

---

[5] Docket no. 27.

of the Federal Rules of Civil Procedure, on the ground that Plaintiff has placed her mental condition at issue.

## ANALYSIS

### I.   Amendments to the Scheduling Order

Plaintiff seeks to extend the dates for fact discovery in this case due to significant difficulties in arranging and completing depositions of law enforcement officers that may have relevant discoverable information.  In addition, Plaintiff requests an extension of fact discovery because recent depositions "have uncovered two or three additional persons that Plaintiff would like to depose.  Information from the completed depositions also suggested additional written discovery that Plaintiff seeks to submit."[6]   Defendants oppose this motion and argue the additional depositions are nothing more than an attempt to embark on a "fishing expedition."   In addition, Defendants seem to argue that Plaintiff has not been diligent in meeting the existing deadlines and that if the dates are moved, other dates in the current schedule will need to be extended to accommodate the extended fact discovery.

Rule 16(b)(4) provides "a schedule may be modified only for good cause and with the judge's consent."  The decision whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court.[7]  In exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; and (6) the likelihood that the discovery will lead to relevant evidence."

---

[6] Docket no. 18.

[7] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

3

Applying the *Smith* factors, the Court finds good cause exists to that reopen discovery for the limited purpose of allowing Plaintiff to depose the police officers whose depositions due to scheduling conflicts have not been completed and "two or three additional persons." Good cause also exists to allow for very limited written discovery where deemed appropriate and as restricted as explained below.

First, trial is scheduled to begin on October 3, 2016, a little less than a year from now. Thus, trial is not imminent. Second, the motion is opposed. Third, the Court finds Defendants have failed to establish more than a minimal amount of prejudice. Fourth, the Court finds that based upon the information included in the briefs and at oral argument both parties have been reasonably diligent in obtaining discovery without court intervention within the guidelines established by the Court. The Court further finds that the delay in the deposition of at least officer Christian Peay may have been due to a lack of current contact information. Fifth, in light of the events described in the briefs, it seems unlikely that some of the discovery currently sought could have been detected or foreseen when the current schedule was established. Finally, the Court finds that it is very likely that the additional discovery sought will result in relevant evidence.

Furthermore, and perhaps most importantly, justice favors allowing a claim to be tried on the merits. The Court is obligated to manage the case effectively and within the scope of federal and local rules, with the purpose of facilitating the parties' presentation of a thoroughly prepared case before the District Court. Here, the Court finds good cause exists for an extension of the discovery deadline for the limited purposes of deposing additional witnesses who were previously noticed for depositions but due to scheduling concerns have not been deposed. In addition, the Court finds good cause exists to allow Plaintiff to depose two or three additional

witnesses as deemed appropriate. Specifically, the deposition of Defendant Daniel Peay's brother, former officer Christian Peay appears to be quite relevant. Christian Peay was present at the time of the incident and may provide additional insight on the circumstances surrounding the shooting and his brother Daniel Peay's state of mind. Therefore, the Court will extend the fact discovery deadline to December 31, 2015 in order to accommodate additional depositions and written discovery.

In addition, it is natural to assume that some limited written discovery will flow from the additional depositions. Therefore the Court will allow no more than three interrogatories, three requests for production of documents and two requests for admission. These written discovery requests are not to include discrete subparts.

## II.     Rule 35

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, Defendants request that the Court order Plaintiff to undergo a mental examination. According to Defendants, "Plaintiff has placed her mental status at issue" through allegations in her complaint that state in part, "[a]s a direct and proximate result of the aforementioned conduct of Defendants, Ms. Johnson has suffered and will continue to suffer physical, emotional and psychological distress, mental anguish, the nature and amount of which will be determined at trial."[8] Specifically, Defendants seek approval for Plaintiff to be examined by Dr. Noel Gardner and Dr. David Ranks.

Rule 35(a)(1) and (2) of the Federal Rules of Civil Procedure provide, in relevant part:

(1) The court where the action is pending may order a party whose mental or physical condition…is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

---

[8] First Am. Compl. At ¶ 129. *See also* ¶ 132 ("As a direct and proximate result of the aforementioned conduct of Defendants, and in addition to damages set forth above, Plaintiff has suffered and will continue to suffer emotional and psychological distress and mental anguish, the exact nature and amount of which will be determined at trial.")

5

>    (2) (A) The order may be made only on motion for good cause and on notice to all parties and the person to be examined…

Accordingly, the party seeking to obtain relief under Rule 35 must make an affirmative showing that the mental or physical condition of the party whose examination is sought actually is "in controversy" and that "good cause" exists for the examination: "mere conclusory allegations of the pleadings" or "mere relevance to the case" is not sufficient."[9]  Furthermore, the decision to grant or deny a Rule 35 examination is committed to the sound discretion of the Court.[10]

In addition, Rule 26 of the Federal Rules of Civil Procedure provides the Court with the authority to place limitations on discovery.  For example, Rule 26(b)(2)(C) provides in relevant part:

>   On motion or on its own, the Court must limit the frequency or extent of discovery otherwise allowed by these rules…if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Here, as to Rule 35's "in controversy requirement," the complaint includes what appear to be boilerplate statements accompanying Plaintiff's claims that her Constitutional rights have been violated.  Importantly, Plaintiff does not plead a specific cause of action for emotional distress or damage.[11]  Additionally, although the complaint appears to allege ongoing mental

---

[9] *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

[10] *See O'Quinn v. New York University Medical Center*, 163 F.R.D. 226, 228 (S.D.N.Y. 1995).

[11] *See Gomez v. Lozano*, No. 09-22988-CIV, 2010 WL 5014100 at *2 (S.D. Fla. Dec. 3, 2010)(unpublished)("Courts considering the issue of whether to order a mental examination under Rule 35 have repeatedly held that where a plaintiff makes a simple claim of emotional distress without more, that plaintiff has not placed his mental condition at issue.")

harm, counsel for the Plaintiff represented at the hearing that the allegations relating to emotional harm were inadvertently not removed when Plaintiff amended her complaint. Therefore, the Court finds Plaintiff's mental status is not sufficiently "in controversy" for purposes of Rule 35.

Next, Defendants' arguments seem to rest heavily on case law that states "[a] plaintiff in a *negligence action* who asserts mental or physical injury…places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury…"[12] While the Court recognizes this as good cause law, the instant case differs in an important respect. This is a civil rights case where negligence has not been alleged as a separate cause of action. Therefore, as thoroughly argued at oral argument and in Plaintiff's opposition memorandum, this case concerns the reasonableness of Defendant Peay's use of deadly force in this circumstance. The Court agrees with Plaintiff's argument that what Plaintiff's state of mind or mental status was at the time of the shooting is likely irrelevant or very minimally relevant. Further, any benefit that may be derived or any arguments related to assistance in aiding Defendants' defenses are tenuous at best. As noted in the briefing and at the hearing, Plaintiff has asserted that she has not received any mental health treatment either before or after the accident. Accordingly, Plaintiff correctly argues that this is a different situation than cases where an individual has a set amount of emotional suffering that will be measured by examining Plaintiff's mental status pre- and post-accident.

Similarly, it seems inappropriate considering the circumstances of this case that Plaintiff should be subjected to a mental examination where the crux of her case is based on physical harm. The Court has also taken into account the need for Plaintiff to travel to Utah and the

---

[12] *Schlagenhauf*, at 118.

expense and burden that will place on her.  Considering the forgoing, pursuant to Rule 26, any benefit of a Rule 35 examination is outweighed by the burden placed on Plaintiff and the lack of relevant evidence likely to be obtained.

Thus, the Court in exercising its discretion finds that Defendants have not provided the requisite "in controversy" or "good cause" showing in order to require Plaintiff to undergo a Rule 35 mental examination.

## CONCLUSION & ORDER

For the foregoing reasons, the Court HEREBY ORDERS that:

(1) Plaintiff's Motion for Extension of Time for Fact Discovery[13] is GRANTED.

(2) Defendants' Motion for Scheduling Order[14] is GRANTED.

(3) Defendants' Motion to Compel Rule 35 IME of Plaintiff[15] is DENIED.

(4) Accordingly, the current Scheduling Order[16] in effect shall be amended as follows:

|   |   |   |
|---|---|---|
| a. | Last Day to serve written fact discovery: | *12/1/2015* |
| b. | Close of fact discovery: | *1/1/2016* |
| c. | Plaintiff's Rule 26(a)(2) expert reports: | *1/15/2016* |
| d. | Defendants' Rule 26(a)(2) expert reports: | *2/15/2016* |
| e. | Counter Reports: | *3/1/2016* |
| f. | Close of Expert Discovery & evaluate for settlement: | *4/29/2016* |
| g. | Dispositive Motion Deadline: | *6/1/2016* |

---

[13] Docket no. 18.

[14] Docket no. 18.

[15] *Id.*

[16] Docket no. 9.

    h. **Trial and Trial Preparation**

        a. Rule 26(a)(3) Pretrial Disclosures[17]

            i. Plaintiff      *9/12/2016*

            ii. Defendant      *9/26/2016*

        b. Objections to Rule 26(a)(3) Disclosures
(if different than 14 days provided in Rule)

        c. Special Attorney Conference[18] on or before      *10/10/2016*
        d. Settlement Conference[19] on or before      *10/10/2016*
        e. Final Pretrial Conference      *3:00 PM on 10/24/2016*
        f. Trial
            i. Five Day Jury Trial to begin
                *8:30 a.m.*      *11/14/2016*

(5) Defendants are to provide Plaintiff with the last known contact information for Officer Christian Peay so his deposition may be scheduled as soon as possible.

**IT IS SO ORDERED.**

    DATED this 13 November 2015.

                                Brooke C. Wells
                                United States Magistrate Judge

---

[17] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[18] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[19] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.