


# Davis County Attorney's Office

Justice Center - 800 West State Street - P.O. Box 618 - Farmington, Utah 84025

| Telephone: | Criminal Division | Administration |
|---|---|---|
| 801-451-4300 | Fax: 801-451-4328 | Fax: 801-451-4348 |

**Troy S. Rawlings**
County Attorney

**David M. Cole**
Chief Deputy

January 22, 2013

Sheriff Blaine Breshears
Morgan County Sheriff's Office
P.O. Box 1047
Morgan, Utah 84050

Decline to Prosecute & Use of Deadly Force Determination

Re:   November 25, 2012 Use of Deadly Force by:
      Sergeant Daniel Scott Peay in South Weber / Davis County, Utah

Sheriff Breshears,

After receiving all relevant information in a detailed meeting with the Protocol Investigation Team (and my staff of prosecutors on multiple occasions); and after reviewing the protocol team's thorough and professional investigation into the facts, circumstances, and evidence related to the use of deadly force in Davis County on November 25, 2012 by Sergeant Daniel Scott Peay; it is the determination of the Davis County Attorney as follows:

1.   That Sergeant Peay's presence at the scene in South Weber was lawful, proper, and in an effort to ensure public safety. The underlying pursuit was based on the criminal conduct of suspect Kristine Biggs. Biggs put people and property at risk by fleeing while in an intoxicated state. Defendant Biggs has admitted guilt. That being acknowledged;

2.   It is the opinion of the Davis Count Attorney's Office that the use of deadly force, at the moment Sergeant Peay's weapon was fired, does not squarely fit with the letter, scope and intent of Utah Code Ann. Section 76-2-404, as well as significant cases from the United States Supreme Court on this issue. For example, *Tennessee v. Garner*, 471 U.S. 1 (1985); and *Graham v. Connor*, 490 U.S. 386 (1989).

     An objective and impartial analysis concludes that the use of potentially lethal force in shooting Kristine Biggs was not *necessitated* by the facts (as the enabling or authorizing statute outlines). However, 76-2-404 does not specify a criminal penalty for a situation where the use of force by a peace officer is not justified under that particular section itself;

3. The Davis County Attorney's Office will decline to prosecute Sergeant Daniel Scott Peay.

After reviewing all of the evidence, including the statements of all officers involved at the scene, the complete set of videos in their entirety, as well as the compelling interview of Sergeant Peay, it is clear that Sergeant Peay's subjective hypothetical concerns, fears and analysis of the situation, due to the fact that an aggressive Biggs posed an ongoing risk to some degree, drove his decision to end the situation with the use of deadly force. In his mind, he was protecting life from an aggressor in a vehicle who was not going to stop.

The Davis County Attorney's Office cannot and will not say that the shooting of Kristine Biggs is squarely justified under the four-corners of Utah Code Ann. 76-2-404 because we believe that the better and more credible view of the evidence is that it was not justified. However, we also believe a unanimous jury would not convict Sergeant Peay of a crime when presented with all of the evidence. There is no reasonable probability of conviction of some other crime when 76-2-404 itself is silent on criminal ramifications.

Please do not hesitate to contact me.

Best Regards and continued safety in an incredibly tough profession,

Troy S. Rawlings
Davis County Attorney