ROBERT B. SYKES (#3180)
    bob@sykesinjurylaw.com
ALYSON C. McALLISTER (#9886)
    alyson@sykesinjurylaw.com
RACHEL L. SYKES (#11778)
    rachel@sykesinjurylaw.com
**SYKES McALLISTER LAW OFFICES, PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah  84111
Telephone (801) 533-0222
Facsimile (801) 533-8081

RICHARD T. WILLIAMS (#9115)
    rich@arplegal.com
**ALLEN PACE LAW, P.C.**
2550 Washington Blvd., Suite 300
Ogden, Utah 84401
Telephone (801) 393-9600
Facsimile (801) 399-4194

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN and JANE DOES 1-10,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR SPOLIATION OF EVIDENCE, WITH MEMORANDUM IN SUPPORT**<br><br>Civil No. 1:14-cv-147-TC<br><br>Judge Tena Campbell |

# MOTION

Pursuant to F.R.Civ.P. 37 and D.U.Civ.R. 37-1, Plaintiff moves the Court as follows:

1. For sanctions against Defendants, as set forth below, for spoliation of evidence;

   a. For an Order compelling Defendants to locate and produce the Morgan County internal review board report or letter that reviewed Defendant Scott Peay's actions with respect to the officer involved shooting that is at issue in this lawsuit. Defendants have heretofore claimed this review board report "cannot be located."

   b. Alternatively, if the review board report is not forthcoming, for a finding and jury instruction that the content of the missing review board report is adverse to Defendants.

   c. Alternatively, for an Order forbidding Defendants from alleging or providing evidence at trial that the shooting was justified.

   d. For costs and attorney fees associated with the filing of this Motion.

2. For such further relief as the Court deems proper and just in the premises.

# INTRODUCTION

Defendants Scott Peay and Morgan County have spoiled, failed to produce, and/or withheld key evidence and discovery that is important to the understanding and

development of the case by Plaintiff. Plaintiff is uncertain as to whether Defendants have "spoiled" the evidence, simply not searched very hard, or are intentionally withholding it. Regardless of the motivation, Defendants' failure to produce this evidence has prejudiced Plaintiffs' case and justifies sanctions as requested herein.

The evidence that has been destroyed, withheld, or not produced is identified as follows:

Defendants admit Scott Peay appeared before a Morgan County internal review board regarding the officer involved shooting incident that is the subject of this lawsuit. Defendants believe that a report or "letter" was issued by such board. Such a report is obviously material to this action. Defendants claim such report or letter "cannot be located." *See* Exhibit 3, Defs' 12/31/15 Responses to 2nd Set of Discovery, p.4.

## STATEMENT OF FACTS

The following facts are relevant to the resolution of this Motion:

1. **The Incident.** On November 25, 2012, Kristine Biggs Johnson had her left eye shot out by Sgt. Scott Peay. The whole incident was caught on several dash-cam video cameras. Two such dash-cam videos have been produced to the Court as part of Plaintiff's revised Motion for Summary Judgment on Liability, Doc. 37.

2. **Shooting Review Board.** During his deposition, Defendant Scott Peay testified that the Morgan County Sheriff's Office activated a "shooting review

board" to review Scott Peay's actions during the incident that is the subject of this lawsuit.

> A. They had a shooting review board. And after I was cleared from the shooting review board I was placed on duty.
> Q. This was the Morgan County Sheriff?
> A. Yes.
> Q. Shooting review board. That was the Morgan County Sheriff's office?
> A. Yes.
> Q. When was that held?
> A. I don't recall. I believe it was within the first week, but I'm not -- I don't honestly know or I don't recall.

Exhibit 1, 10/13/15 Scott Peay Depo. 17:11-22.

3. **Review Board Report Requested**. Plaintiff's 12/1/15 Second Set of Discovery Requests made the following Request No. 1 for Production of Documents:

> Produce any and all Morgan County internal affairs reports or internal investigation reports regarding any questionable action or matter of potential disciplinary concern pertaining to Daniel Scott Peay or Christian Peay.

Exhibit 2, Pla's. 12/1/15 2nd Set of Discovery, p.3. Defendants responded as follows:

> Without waiver of said objections, after the incident at issue on 11/25/12, Sergeant Peay testified in his deposition that he did appear before the Morgan County internal review board. It is believed that a letter was created after that review board meeting occurred determining that Sergeant Peay was cleared because that is standard procedure and Sergeant Peay was reinstated shortly thereafter, however, that letter currently cannot be located. If that letter is located at a later date, it will be promptly supplemented.

Exhibit 3, Defs' 12/31/15 Responses to 2nd Set of Discovery, p.4.

4. **Meet and Confer**. Plaintiff was not satisfied with Defendants' Response, and an email was sent to attempt resolution. Defendants promptly responded

-4-

with a reply email, but the dispute was not resolved. *See* Exhibit 4, 12/31/15 email thread.

5. **Plaintiff's Second Attempt**. On 1/13/16, Plaintiff sent a letter to Defendants ("[c]onsider this letter a 'meet and confer'...") detailing her position with respect to this ongoing discovery dispute and seeking resolution. *See* Exhibit 5, Plaintiff's 1/13/16 "meet and confer" letter.

6. **Defendants' Supplemental Response**. On 1/15/16, Defendants responded to Plaintiff's 1/13/16 letter with a letter and a Supplemental Response to Plaintiff's Second Set of Discovery. A very brief and largely unsatisfying response was supplemented in response to Plaintiff's Interrogatory No. 1. Defendants reiterated their objections to Plaintiff's Request for Production No. 1. The internal review board report at issue was reportedly still unable to be located. *See* Exhibit 6, Defendants' 1/15/16 letter and Supplemental Response.

7. **Plaintiff's Third Attempt – Protective Order**. On 1/19/16, Plaintiff offered to be bound by the Court's Standard Protective Order (pursuant to DUCivR 26-2) if Defendants would "produce the materials requested in our Request for Production No. 1." *See* Exhibit 7, Plaintiff's 1/19/15 letter re Protective Order.

8. **Defendants' Response to Offer**. On 1/21/16, in response to Plaintiff's letter of 1/19/16, Defendants claimed that the missing review board report, which was still missing, was the only document responsive to Plaintiff's Request for Production No. 1 as pertaining to Scott Peay. The response was mute as to Plaintiff's

offer regarding a Protective Order. *See* Exhibit 8, 1/21/16 Defendants' letter re Protective Order.

## LEGAL STANDARDS

### A. The Court's Inherent Power.

> As a general rule, the trial court acts with discretion in imposing sanctions for abuse of discovery under Rule 37, *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 777 (10th Cir.1999) (internal quotation marks and citation omitted), and **the court has inherent power to impose sanctions for** the destruction or **loss of evidence**. *Cache La Poudre Feeds,* 244 F.R.D. at 620 (citations omitted).

*Zbylski v. Douglas Cty. Sch. Dist.*, 2015 WL 9583380, at *7 (D. Colo. 2015) (emphasis added).

### B. When a Spoliation Sanction is Proper.

> The Tenth Circuit has held that "a spoliation sanction is proper where (1) a party has a duty to preserve evidence because [he] knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by destruction of the evidence." *Henning,* 530 F.3d at 1220 (citing *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir.2007)).

*Lutalo v. Nat'l R.R. Passenger Corp.*, 2013 WL 1294125, at *3 (D. Colo. 2013).

### C. Bad Faith Not Required for Adverse Inference.

> ***Other decisions have held that proof of bad faith is not required to support sanctions for spoliation, including dismissal of claims or exclusion of evidence.*** See, e.g., *Jordan F. Miller Corp.,* 1998 WL 68879, at *4 (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806–07 (7th Cir.1995), *Dillon v. Nissan Motor Co.,* 986 F.2d 263, 267–69 (8th Cir.1993), and *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368–69 (9th Cir.1992)).

*Swanda Bros., Inc. v. Chasco Constructors, Ltd., L.L.P.*, 2012 WL 4382612, at *5 (W.D. Okla. 2012) (emphasis added). Plaintiff considers that if proof of bad faith is not required to support a dismissal of claims, then an adverse inference and corresponding jury instruction are surely available remedies.

> D. <u>Lost Evidence and/or Negligence</u>.
>
> A court may find that spoliation has occurred when a party either ***negligently*** or intentionally ***fails to produce relevant evidence*** in litigation. The failure may, of course, occur ***because evidence has been*** destroyed or ***lost.*** *Turner v. Pub. Serv. Co.,* 563 F.3d 1136, 1149 (10th Cir. 2009). Plaintiff has the burden of proving that relevant evidence has been lost or destroyed by Defendants. *Oldenkamp*, 619 F.3d at 1251.

*Montoya v. Newman,* 2015 WL 4095512, at *6 (D. Colo. 2015) (emphasis added).

## ARGUMENT

## POINT I

### ~ <u>Spoliation of Shooting Review Board Report</u> ~

**DEFENDANTS HAVE SPOILED OR FAILED TO PRODUCE IN DISCOVERY A KEY PIECE OF EVIDENCE. THIS FAILURE WARRANTS THE SANCTIONS REQUESTED.**

A. <u>Relevant Evidence Lost by Defendants</u>. This matter involves an officer involved shooting by a Morgan County Sheriff's Sergeant. A Morgan County internal review board reviewed the incident. Fact 2. Plaintiff has asked for that board's report, which is responsive to Plaintiff's Second Set of Discovery, Request for Production of Documents No. 1. Fact 3. Defendants claim such report cannot be located. Fact 3.

Such admission satisfies Plaintiff's "burden of proving that relevant evidence has been lost or destroyed by Defendants." *Montoya*, supra.

    B.  **Knew or Should Have Known**. Plaintiffs find it inconceivable that such a serious and important document has simply disappeared and cannot be found. Surely such a document reporting on a review board's investigation of a Morgan County officer involved shooting, the only one in decades, is one that Defendants had an obligation to preserve, regardless of whether Defendants anticipated that litigation was likely. In the case at bar, however, Defendants did know or should have known that litigation was likely, particularly in view of the fact that a cursory review of the officers' dash-cam videos showed that no one was in immediate danger of serious injury or death at the time Sgt. Peay used deadly force against Ms. Johnson.

## POINT II

## ~ Case Is Impaired ~

**PLAINTIFFS' CASE IS SIGNIFICANTLY IMPAIRED BY THE DISAPPEARANCE OF THE REQUESTED DOCUMENTS.**

Defendants' non-response to Plaintiff's Request for Production No. 1 has prejudiced Plaintiff by fundamentally impairing her ability to ascertain critical information and establish the facts of this case. Specifically, Defendants have spoiled, failed to produce, withheld, lost, or intentionally "not found" key documents and other evidence. Facts 3, 5, 6.

There is a dispute in this case as to whether Sgt. Peay initially claimed that <u>he</u> was in danger, thus justifying his use of deadly force. Some evidence suggests and implies that such was his initial justification. Then he viewed the dash-cam videos, and it became clear that the video would <u>not</u> support his claim that he was in danger, so he changed his story to "I thought <u>my brother</u> was in danger." This "lost" report is crucial to determining the truth behind these contentions. In other words, did Scott Peay initially claim that it was danger to himself that justified the deadly force?

### POINT III

**THE COURT SHOULD PRESUME THAT THE SUBJECT REPORT CONTAINS EVIDENCE ADVERSE TO DEFENDANTS BECAUSE IT DISAPPEARED WHILE IN DEFENDANTS' POSSESSION.**

Since the subject review board report disappeared in the possession of Defendant Morgan County, it may be inferred that the notes contained incriminating admissions or evidence directly adverse to Defendants' position, as demonstrated by the following permissive adverse inference jury instruction given and upheld in *Mali v. Federal Ins. Co.,* 720 F.3d 387, 391 (2d Cir.2013) and cited in *Lompe v. Sunridge Partners, LLC,* 54 F. Supp. 3d 1252, 1264 (D. Wyo. 2014):

> If you find that the Defendant has proven by a preponderance of the evidence, one, that this photograph exists or existed, two, that ***the photograph was in the exclusive possession of the Plaintiffs***, and, three, that the non-production of the photograph has not been satisfactorily explained, then you may infer, though you are not required to do so, that if the photograph had been produced in court, it would have been unfavorable to the Plaintiffs.

Further, according to Wigmore:

> It has always been understood–the inference, indeed, is one of the simplest in human experience–that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or ***suppression of evidence*** by bribery or ***spoliation,*** and all similar conduct ***is receivable against him*** as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause.

2 John H. Wigmore, Wigmore on Evidence at 278(2) at 133 (Chadbourn Rev. 1979) (emphasis added).

Many courts draw an inference adverse to the party that fails to provide evidence favorable to the opposing party. *Adams v. Gateway, Inc.,* 2006 WL 2563418, at *1 (D. Utah 2006) ("[t]he discovery rules authorize sanctions for the failure to fully disclose or to preserve evidence in pretrial discovery. . . sanctions including that Gateway should be prohibited from asserting the attorney-client or work product privilege in this case, imposing negative inferences, awarding attorney fees and costs, and issuing a warning that further missing evidence or tardy disclosure of evidence may result in entry of judgment against Gateway"); *Daynight, LLC v. Mobilight, Inc.*, 2011 UT App 28, ¶ 2, 248 P.3d 1010 (noting that "the destruction and permanent deprivation of evidence" differs qualitatively from other discovery violations, so spoliation "does not require a finding of willfulness, bad faith, fault, or persistent dilatory tactics" to warrant sanctions under rule 37 (internal quotation marks omitted)). *See also* F.R.Civ.P. 37(a)(4) and 37(c)(1).

Circumstances in this case demand that the Court apply equitable principles to either prevent the argument of imminent danger to either of the Peay brothers, and/or, in the alternative, or together, there should be a negative inference adverse to Defendants as to the content of the missing review board report.

Defendants' inability to locate the subject report has damaged or deprived Plaintiff of objective evidence necessary to establish a central issue in this case, i.e., was any officer in imminent danger when Scott Peay used deadly force? The report is critical.

## **CONCLUSION**

Defendants have spoliated evidence. They have "lost" or failed to produce a crucial report that should be available. The sanction should prohibit Defendants from claiming that either Scott Peay or Christian Peay was in immediate danger of death or serious bodily injury when Scott Peay fired his weapon. Additionally, or in the alternative, the Court should order or permit an adverse inference due to the loss of this evidence.

DATED this 27th day of January, 2016.

                                            **SYKES McALLISTER LAW OFFICES**

                                             /s/ *Robert B. Sykes*
                                            ROBERT B. SYKES
                                            ALYSON C. McALLISTER
                                            RACHEL L. SYKES
                                            *Attorney for Plaintiff*