ROBERT B. SYKES (#3180)
    bob@sykesinjurylaw.com
ALYSON C. McALLISTER (#9886)
    alyson@sykesinjurylaw.com
RACHEL L. SYKES (#11778)
    rachel@sykesinjurylaw.com
**SYKES McALLISTER LAW OFFICES, PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah 84111
Telephone (801) 533-0222
Facsimile (801) 533-8081

RICHARD T. WILLIAMS (#9115)
    rich@arplegal.com
**ALLEN PACE LAW, P.C.**
2550 Washington Blvd., Suite 300
Ogden, Utah 84401
Telephone (801) 393-9600
Facsimile (801) 399-4194

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON, | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY, WITH MEMORANDUM IN SUPPORT** |
| Plaintiff, | |
| vs. | |
| DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN and JANE DOES 1-10, | Civil No. 1:14-cv-147-TC |
| | Judge Tena Campbell |
| Defendants. | |

## MOTION

Pursuant to F.R.Civ.P. 37(a)(3)(B)(iv) and D.U.Civ.R. 37-1(b), Plaintiff moves the Court as follows:

**1.** For an Order compelling Defendants to produce the documents requested as to Christian Peay in Plaintiff's Second Set of Discovery, Request for Production No. 1;

**2.** Alternatively, for an Order prohibiting Defendants from challenging Christian Peay's credibility at trial;

**3.** For such further relief as the Court deems proper and just in the premises.

## INTRODUCTION

Christian Peay's credibility will be a major issue at trial. The documents requested are quite probably relevant to Christian's credibility. Defendant Morgan County is in possession and has knowledge of the documents requested, but has refused to produce them. Plaintiff is prejudiced thereby.

Plaintiff anticipates calling Christian Peay as a witness at trial in support of her case. Defendants know the content of the withheld documents, and could easily "blind-side" Plaintiff by challenging Christian's credibility based on information unavailable to Plaintiff. Defendants should produce the requested material, or the Court should prohibit Defendants from challenging Christian Peay's credibility at trial.

## STATEMENT OF FACTS

The following facts are relevant to the resolution of this Motion:

1. **The Incident.** On November 25, 2012, Kristine Biggs Johnson had her left eye shot out by Defendant Morgan County Sheriff's Sgt. Scott Peay. At the time, Christian Peay, Scott's brother, was a Morgan County Sheriff's Deputy. Both Peays were directly involved in the November 25th pursuit and apprehension of Ms. Johnson.

2. **Discovery Request.** On December 1, 2015, Plaintiff submitted her Second Set of Discovery that included the following Request for Production of Documents:

> Produce any and all Morgan County internal affairs reports or internal investigation reports regarding any questionable action or matter of potential disciplinary concern pertaining to Daniel Scott Peay or Christian Peay.

See Exhibit 1, Plaintiff's Second Set of Discovery, RPD No. 1.

3. In pertinent part, Defendants responded as follows:

> Defendant objects to Request for Production No. 1 on the grounds set forth in General Objections Nos. 3, 4, and 11. These documents fall within personnel records and are considered private under GRAMA, see Utah Code Ann. 63G-2-302(1), and therefore need not be disclosed by the Defendant without an order from the Court. See Utah Code Ann. 63G-2-202(1).

*See* Exhibit 2, Defs'. Response, 12/31/15, p.4.

4. **Meet and Confer.** Plaintiff was not satisfied with Defendants' Response, and on 12/31/15 an email was sent to attempt resolution. Defendants

promptly responded with a reply email, but the dispute was not resolved.  *See* Exhibit 3, 12/31/15 email thread.

5. **Plaintiff's Second Attempt**.  On 1/13/16, Plaintiff sent a letter to Defendants ("[c]onsider this letter a 'meet and confer'...") detailing her position with respect to this ongoing discovery dispute and seeking resolution.  *See* Exhibit 4, Plaintiff's 1/13/16 "meet and confer" letter.

6. **Defendants' Supplemental Response**.  On 1/15/16, Defendants responded to Plaintiff's 1/13/16 letter with a letter and a Supplemental Response to Plaintiff's Second Set of Discovery.  Defendants reiterated their objections to Plaintiff's Request for Production No. 1 and refused to produce any documents responsive thereto.  *See* Exhibit 5, Defendants' 1/15/16 letter and Supplemental Response.

7. **Plaintiff's Third Attempt – Protective Order**.  On 1/19/16, Plaintiff offered to be bound by the Court's Standard Protective Order (pursuant to DUCivR 26-2) if Defendants would "produce the materials requested in our Request for Production No. 1."  *See* Exhibit 6, Plaintiff's 1/19/15 letter re Protective Order.

8. **Defendants' Response to Offer**.  On 1/21/16, in response to Plaintiff's letter of 1/19/16, the documents pertaining to Christian Peay were claimed to be irrelevant, and Defendants maintained their refusal to produce them.  *See* Exhibit 7, Defendants' letter of 1/21/16.

## MEMORANDUM IN SUPPORT

The following argument supports this Motion.

## ARGUMENT

**Important Credibility Issue Justifies Production**. There is an important credibility issue that justifies compelling the production of the requested information. Plaintiffs are suing Sgt. Scott Peay for excessive force in shooting out Plaintiff's eye. Deputy Christian Peay, Scott Peay's brother, was directly involved in the vehicular pursuit of Plaintiff and her apprehension. Scott Peay has attempted to justify using deadly force against Plaintiff by claiming that he was concerned that Plaintiff would run over his brother. Scott Peay testified: ". . . And I fired to stop her from injuring my brother." *See* Exhibit 8, S. Peay Depo. 60:22-23.

On the other hand, Christian Peay testified at his recent deposition that neither he nor his brother Scott Peay was in any danger when the shot was fired by Scott Peay. Christian Peay testified:

> Q. Do you think at the time that that bullet was fired, he was in imminent danger of death or serious bodily injury?
> MS. KYTE: Object to the form of the question.
> Q. Scott. In your opinion.
> A. ***I feel that Scott was not in danger at that time.***

*See* Exhibit 9, C. Peay Depo 20:25-21:6 (emphasis added).

> Q. At any time that night before the shot was fired, ***were you*** in imminent danger of death or serious bodily injury?
> A. ***No.***

*Id*. at 24:15-18 (emphasis added).

On or about the night in question, November 25, 2012, Christian Peay made several statements to the effect that *both he and his brother <u>were</u> in danger of being run over by Plaintiff.* This is obviously false when one observes the event on the dash-cams. *See* Officer Hardman's dash-cam video at 22:06:12 hours, and Officer Dingman's at 22:15:14. Both are available on Dropbox[1].

There is obviously a question of fact as to what Christian Peay saw and the manner in which he will testify. He appears to have made totally different statements on the night of the event compared to when he testified under oath at his deposition.

Additionally, Christian Peay was fired from his job as a Deputy Sheriff for Morgan County. Some of the reasons for this were discussed at his deposition and at the deposition of Sheriff Breshears, who fired him. There could easily be more information in the requested files.

It is important for Plaintiff to get access to Christian Peay's file in order to prepare for possible cross-examination questions that might challenge, or even defend, Christian Peay's recent testimony. Without having access to the file, Defendants, who do have access, could craft questions to challenge Christian Peay's credibility at trial. This would be unfair to Plaintiff, because she would not have had the opportunity to examine Christian's file and prepare or defend against such questions.

---

[1] *See* videos at Dropbox:
https://www.dropbox.com/sh/fb318f4qmnze9m5/AABBiNRNxrxrtRO9latZ-im2a?dl=0 (Dingman) and
https://www.dropbox.com/s/uy9nvjipw5p6sl0/TODD%20HARDMAN.mov?dl=0 (Hardman).

## CONCLUSION

In order to allow Plaintiff to prepare for trial, it is important that she have access to Christian Peay's employment file so that she may be prepared to defend against any attacks on his deposition credibility. His testimony that neither he nor his brother were in any imminent danger on the night in question is extremely important for Plaintiff. Plaintiff has a right to protect that testimony by knowing how Christian Peay might be challenged in court. If Defendants attempt to attack Christian Peay's credibility, it would be unfair to surprise Plaintiff with facts that Plaintiff may not know. Defendants should be compelled to produce the requested materials, or should be prohibited from attacking Christian Peay's credibility on the basis of materials withheld from Plaintiff.

DATED this 1st day of February, 2016.

                            **SYKES McALLISTER LAW OFFICES**

                            */s/ Robert B. Sykes*
                            ROBERT B. SYKES
                            ALYSON C. McALLISTER
                            RACHEL L. SYKES
                            *Attorneys for Plaintiff*