PETER STIRBA (Bar No. 3118)
JULIA D. KYTE (Bar No. 13113)
JEFFREY D. MANN (Bar No. 13795)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, UT 84110-0810
Telephone: (801) 364-8300
Fax:  (801) 364-8355
Email: jmann@stirba.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Case No. 1:14-cv-00147-TC<br><br>Judge Tena Campbell<br>Magistrate Judge Brooke C. Wells |

Defendants Sergeant Daniel Scott Peay ("Sergeant Peay") and Morgan County, (collectively, "Defendants"), by and through undersigned counsel of record, hereby submit this Memorandum in Opposition to Plaintiff's Motion for Sanctions. For the reasons stated herein, Defendants respectfully ask this Court to deny Plaintiff's Motion.

## INTRODUCTION

Plaintiff's current motion demands sanctions for Defendant's failure to produce a letter regarding the Morgan County Internal Review Board's ("Review Board") decision clearing Defendant Sergeant Peay and placing him back on duty after the shooting incident on November 25, 2012. That letter has not been produced because a hard copy has not been located and because the computer that stored the original electronic copy crashed in the Spring of 2015. Nevertheless, Defendants have assured Plaintiff that they are continuing to search for the letter and will produce it if it is located.

Plaintiff erroneously presumes that because the letter cannot be located that it is harmful to Defendants. Moreover, Plaintiff wrongly implies that Defendants are being unethical and/or have deliberately hidden the letter. However, Plaintiff fails to meet her burden for obtaining a spoliation sanction because she offers nothing more than rank speculation about Defendants' alleged actions regarding the letter and that Plaintiff has been prejudiced by the failure to produce the letter. Plaintiff also fails to show bad faith on the part of Defendants that would warrant the type of severe sanctions Plaintiff seeks.

In reality, the letter is supportive of Defendants because it reinstates Sergeant Peay only two weeks after the shooting because the Review Board determined that the shooting was justified. Defendants have repeatedly told Plaintiff that it will be produced as soon as it is located. Rather than allowing Defendants additional time to continue searching for the letter, Plaintiff has requested sanctions. Plaintiff's motion has no basis in fact or law. Defendants respectfully ask that it be denied.

## FACTS

1.   On December 1, 2015, Plaintiff submitted a supplemental discovery request, pursuant to the order of Judge Wells, for "any and all Morgan County internal affairs reports or internal investigation reports regarding any questionable action or matter of potential disciplinary concern pertaining to Daniel Scott Peay or Christian Peay." (Pl.'s Ex. 2 at 3.)

2.   Defendants responded to this request by informing Plaintiff that the only document that is potentially responsive to this request with respect to Sergeant Peay is a letter stating that he was cleared by the Review Board and could return to active duty. (Pl.'s Ex. 3 at 4; *see* Pl.'s Ex. 8 at 1.)

3.   Defendants further stated that the letter had not been located, but that when it is located, "it will be promptly supplemented." (*Id.*)

4.   Although Sergeant Peay did not mention a letter during his deposition, he did testify: "after I was cleared from the shooting review board I was placed on duty." (Sergeant Peay Dep. 17:11–22, Pl.'s Ex. 1.)

5.   Chief Kevin Edwards of the Morgan County Sheriff's Office prepared the letter in question. He has stated by declaration that the letter "confirmed that Sergeant Peay went before the Internal Review Shooting Board to ensure that his actions were in accord with Morgan County's policies" and that "after review, Sergeant Peay's actions were found to be in compliance with Morgan County's policies." (Declaration of Chief Kevin Edwards ¶¶ 4–5, attached as Ex. A.)

6. In addition, Chief Edwards has explained that despite their best efforts in searching for the letter, a hard copy has not been located yet, and the electronic original was likely lost when Chief Edwards' computer crashed in the spring of 2015. (*Id.* at ¶¶ 7–8.)

7. Chief Edwards also stated in his declaration that there have been "no intentional efforts to remove, lose, or destroy the letter" and that Defendants will continue to try to locate the letter, which will promptly be produced to Plaintiff when it is located. (*Id.* at ¶ 9.)

## ARGUMENT

### I. DEFENDANTS FAILURE TO LOCATE THE REVIEW BOARD LETTER DOES NOT WARRANT SANCTIONS

A party seeking spoliation sanctions must be able to show that the opposing party "failed to preserve evidence or destroyed it." *Zbylski v. Douglas Cty. Sch. Dist.*, --- F.Supp.3d ----, 2015 WL 9583380 *8, (D. Colo. Dec. 31, 2015). A court may impose a spoliation sanction when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). A party asking for a spoliation sanction bears the burden of proving all of these elements. *See Henning v. Union Pacific R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008); *Zbylski*, 2015 WL 9583380 *8.

### A. Plaintiff Has Failed To Show That Defendants Failed To Preserve Evidence Or Destroyed It

"A moving party has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." *Zbylski*, 2015 WL 9583380 *8; *see Oldenkamp v. United American Ins. Co.*, 619 F.3d 1243, 1251 (10th Cir. 2010). Some courts in

the Tenth Circuit refrain from any further spoliation analysis if a moving party cannot meet this initial burden. *See Zbylski*, 2015 WL 9583380 *8.

Here, Plaintiff has not met her burden of proving that Defendants failed to preserve or destroyed the letter. Plaintiff's motion includes communication with Defendants' counsel stating that the letter has not been located but that a search is ongoing. Plaintiff even admits that she "is uncertain whether Defendants have 'spoiled' the evidence, simply not searched very hard, or are intentionally withholding it." (Pl.'s Mot. for Sanctions at 2–3.)

In fact, Defendants are continuing to search for the letter, and will promptly produce it if it is found. (*See* Pl.'s Ex. 3 at 4; Declaration of Chief Deputy Edwards ¶ 9.) If the Court were to impose spoliation sanctions, and the letter were to be found thereafter, Defendants would be prejudiced. This Court should refrain from imposing sanctions when the letter may yet be found and produced and there is no evidence of intentional destruction.

### B.   Plaintiff Has Failed To Prove That Defendants Had A Duty to Preserve The Letter

Plaintiff provides no analysis regarding Defendants' duty to preserve the letter, merely stating that "[s]urely such a document . . . is one that Defendants had an obligation to preserve, regardless of whether Defendants did know or should have known that litigation was likely . . . ." (Ps.'s Mot. for Sanctions at 8.) Rather than making an effort to prove that there was a duty to preserve because Defendants knew, or should have known, that it was relevant to "imminent" litigation, *Burlington*, 505 F.3d at 1032, Plaintiff merely asserts that Defendants should have kept it anyway, even though Morgan County was not the formal investigating entity of the shooting, but rather, Davis County was. Plaintiff does not identify any facts or case law that

5

suggests that her presumption has any merit. Plaintiff's failure to meet this element of spoliation warrants denial of her motion.

### C.     Plaintiff Has Failed To Prove That She Has Been Prejudiced

Finally, Plaintiff must also show that the failure to produce the evidence has resulted in prejudice to her. *Burlington*, 505 F.3d at 1032. The proof for this element must show that Plaintiff "was actually, rather than merely theoretically prejudiced by" the alleged spoliation. *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1150 (10th Cir. 2009) (quotation omitted). "The burden is on the aggrieved party to establish a reasonably possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to his cause." *Montoya v. Newman*, 2015 WL 4095512 *7 (D. Colo. July 7, 2015) (unpublished) (quotation omitted).

Plaintiff suggests that the letter will provide insight as to Sergeant Peay's stated justification for his use of force against Plaintiff. Plaintiff ignores all evidence regarding the substance and content of the letter and speculates what the letter might contain and that the failure to produce it has prejudiced her. This "merely theoretical[] prejudice[]" is insufficient to impose spoliation sanctions.

Sergeant Peay testified in his deposition that the Review Board cleared him. (Sergeant Peay Dep. 17:11–22, Pl.'s Ex. 1.) Defendants' counsel reiterated that fact in communication with Plaintiff's counsel. (Pl.'s Ex. 3 at 4.) Chief Deputy Edwards, the person who actually wrote the letter, has now submitted a declaration wherein he testified: "The letter said that after review, Sergeant Peay's actions were found to be in compliance with Morgan County's policies." (Declaration of Chief Deputy Edwards ¶¶ 4–5.) There is no dispute as to what the letter said and

it is favorable to Defendants. The failure to produce the letter will not prejudice Plaintiff because the letter is favorable to Defendants, who are actively searching for the letter and hope to find it because it will support their defense.

### D.  Sanctions Are Not Warranted

Defendants contend that Plaintiff has utterly failed to meet her burden of showing that she is entitled to spoliation sanctions. If a sanction is imposed, it must be tailored to the degree of culpability of the responsible party, the relevance of the evidence, and the prejudice that resulted. *See Henning v. Union Pacific R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008) (citing *Estate of Trentadue v United States*, 397 F.3d 840, 862 (10th Cir. 2005); *Montoya*, 2015 WL 4095512 *12. The imposition of severe sanctions, such as an adverse inference jury instruction, requires proof of bad faith: "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997); *see Henning*, 530 F.3d at 1220 ("courts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction").

Absent a showing of bad faith, only "lesser sanctions" may be imposed, which can be fashioned in the court's discretion depending on the circumstances. *Henning*, 530 F.3d at 1220; *see, e.g. Dalcour*, 492 Fed.Appx. at 937 (court allowed Plaintiffs "to question witnesses about missing evidence"); *Montoya*, 2015 WL 4095512 *12 (court allowed the parties "to present evidence relating to lost or destroyed [evidence] and to argue whatever inferences they hope the jury will draw").

Despite not being able to meet the standard for sanctions, Plaintiff asks this Court to impose at least four different sanctions, none of which are appropriate in this case.

First, Plaintiff asks for an order compelling Defendants to locate and produce the letter. (Pl.'s Motion for Sanctions at 2.) Defendants have repeatedly told Plaintiff that they are trying to locate and will produce the letter as soon as it is found. Such an order is unnecessary.

Second, Plaintiff seeks an adverse jury instruction based on the speculative theory that Defendants are hiding the letter because it is harmful to Defendants. (Pl.'s Motion for Sanctions at 2, 9–11.) An adverse instruction may only be given with a showing of bad faith. *Aramburu*, 112 F.3d at 1407. Plaintiff has not shown bad faith. Defendants are not hiding the letter, but are actively looking for it and will produce it.[1] Moreover, Chief Deputy Edwards wrote the letter and has provided a declaration regarding its content, which is beneficial for Defendants because it stated that Sergeant Peay's actions were consistent with Morgan County's policies. This is reaffirmed by Sergeant Peay's sworn deposition testimony and the fact that he was back on duty after only a couple of weeks. If the Review Board came to a conclusion that Sergeant Peay's actions were not consistent with policy, surely he would have faced some discipline – which he did not – and would not have been permitted to return to duty. The only inference that can reasonably be made is that the letter supports Sergeant Peay's use of force, making an adverse inference inappropriate and inconsistent with Tenth Circuit precedent.

Third, Plaintiff asks for an Order forbidding Defendants from providing evidence that the shooting was justified, (Pl.'s Motion for Sanctions at 2), and prohibiting Defendants "from claiming that either Scott Peay or Christian Peay was in immediate danger of death or serious bodily injury when Scott Peay fired his weapon." (*Id.* at 11.) Such a broad-sweeping Order

---

[1] The fact that Chief Deputy Edwards' computer crashed is not evidence of bad faith, but rather "computer error" that does not entitle Plaintiff to an adverse jury instruction. *See Dalcour v. City of Lakewood*, 492 F3d.Appx. 924, 937 (10th Cir. 2012) (unpublished).

would establish the ultimate question in this case, infringe upon the provence of the jury, and essentially guarantee victory to the Plaintiff. This type of a sanction would be even more harsh than an adverse jury instruction and is not warranted where Plaintiff has not proven that the letter was destroyed, that there is any bad faith, or that the letter would be favorable to her. Moreover, the evidence shows that the letter stated that Sergeant Peay's use of force was justified and consistent with the county policies.

Fourth, Plaintiff has requested attorney fees and costs associated with this motion. (Pl.'s Motion for Sanctions at 2.) This sanction would be inappropriate because counsel for Defendants told counsel for Plaintiff that Defendants are still looking for the letter and will produce it if it is found. With no evidence of bad faith or prejudice, an award of attorney fees and costs is not warranted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to deny Plaintiff's Motion for Sanctions.

DATED this 10th day of February, 2016.

**STIRBA, P.C.**

By:     /s/ Jeffrey D. Mann
       PETER STIRBA
       JULIA D. KYTE
       JEFFREY D. MANN
       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2016, a true copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** was served by the method indicated below, to the following:

| | |
|---|---|
| Robert B. Sykes<br>Alyson Carter McAllister<br>Rachel L. Sykes<br>SYKES McALLISTER LAW OFFICES, PLLC<br>311 South State Street, Suite 240<br>Salt Lake City, Utah 84111 | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) Electronic Filing |
| Richard T. Williams<br>ALLEN PACE LAW, P.C.<br>2550 Washington Blvd., Suite 300<br>Ogden, Utah 84401 | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) Electronic Filing |

/s/ Zachary B. Hoddy
Legal Assistant