PETER STIRBA (Bar No. 3118)
JULIA D. KYTE (Bar No. 13113)
JEFFREY D. MANN (Bar No. 13795)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, UT 84110-0810
Telephone: (801) 364-8300
Fax: (801) 364-8355
Email: jmann@stirba.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>   Plaintiff,<br><br>v.<br><br>DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN AND JANE DOES 1-10,<br><br>   Defendants. | **DEFENDANTS' AMENDED CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:14-cv-00147-TC<br><br>Judge Tena Campbell<br>Magistrate Judge Brooke C. Wells |

Defendants Sergeant Daniel Scott Peay ("Sergeant Peay") and Morgan County, (collectively, "Defendants"), by and through undersigned counsel of record, and pursuant to Fed. R. Civ. P. 56 and DUCivR 56-1(c), hereby submit this Amended Cross-Motion for Summary Judgment and Memorandum in Support. Defendants respectfully request that this Court grant summary judgment to Sergeant Peay on Plaintiff's First Cause of Action on the basis of qualified immunity.

**INTRODUCTION**

Based on the undisputed material facts and legal argument contained in Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment On Liability Against Defendant Peay (D.E. 48) ("Memorandum in Opposition"), which Defendants incorporate herein by reference pursuant to DUCivR 7-1(b)(1)(A), this Court should dismiss Plaintiff's First Cause of Action against Sergeant Peay and grant Sergeant Peay qualified immunity because he did not violate clearly established law. (*See* D.E. 48 at 30–33.)

**ARGUMENT**

**I. SERGEANT PEAY IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE HIS ACTIONS DID NOT VIOLATE CLEARLY ESTABLISHED LAW**

If the law is not clearly established, there does not exist a bright line rule that a reasonable officer can rely on to know what side of the line he needs to be on. As a result, an officer cannot be held liable for acting in a reasonable (even if mistaken) manner.

Both the Supreme Court of the United States and the Tenth Circuit have held that the law must be established "beyond debate" such that "every reasonable official" would have known that the circumstances on November 25, 2012 did not pose a safety threat to the officers at the scene or the public and that the use of deadly force was unjustified. *See Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2083 (2011); *See also Kerns v. Bader*, 663 F.3d 1173, 1183 (10th Circ. 2011)("To satisfy this standard, '[w]e do not require a case directly on point,' but neither may a district court deny immunity unless 'existing precedent [has] placed the statutory or constitutional question ***beyond debate***.'")(internal citation omitted).

The Supreme Court further established in *Pearson v. Callahan*, 555 U.S. 223 (2009), that the previously identified and rigid two-step procedure outlined in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), for resolving government officials' qualified immunity claims, is no longer mandatory as to sequence:

> On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their **sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand**.

*Pearson*, 555 U.S. at 236 (emphasis added).

Courts in the Tenth Circuit now follow the Supreme Court's direction in *Pearson* to address either prong first and to grant summary judgment on qualified immunity grounds when the law was not clearly established.

> [An officer's] entitlement to qualified immunity *vel non* depends on whether [plaintiff] has "show[n] that: (1) [he] violated a constitutional right and (2) the constitutional right was clearly established." … "**We have discretion to address either prong [of this standard] first**."

*See Cox v. Glanz*, 800 F.3d 1231, 1246–47 (10th Cir. 2015)(emphasis added)(focused only on the second prong and found the law was not clearly established); *See Wilson v. City of Lafayette*, 510 Fed.Appx. 775 (10th Cir. 2013) (unpublished) (addressing clearly established prong first and granting qualified immunity on that basis); *see also Cordova v. Aragon*, 569 F.3d 1183 (10th Cir. 2009) (granting qualified immunity based on the clearly established prong).

Moreover, Tenth Circuit precedent "authorize(s) the use of deadly force when a fleeing suspect poses a threat of serious harm to others, [and an officer is] not unreasonable in believing

3

that potential threat to third parties would justify such a level of force." *See Cordova v. Aragon*, 569 F.3d 1183, 1193 (10th Cir. 2009).

Finally, the cases cited in Defendants' Memorandum in Opposition, show that Sergeant Peay **did not** violate clearly established law, as the law is dispositive that an officer may use deadly force when a vehicle poses a threat of death or serious bodily harm to the officer himself, other law enforcement officers, or other third-parties. *See Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014); *Thomas v. Durastanti*, 607 F.3d 655 (10th Cir. 2010); *Robinson v. Arrugueta*, 415 F.3d 1252 (11th Cir. 2005).[1] Even if Sergeant Peay made a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact, he would still be entitled to qualified immunity. *Pearson*, 555 U.S. at 231.

Here, Sergeant Peay is entitled to qualified immunity because Plaintiff posed a serious threat to the officers at the scene and the public on November 25, 2012, where his use of deadly force was reasonable.

Based on the foregoing and the arguments and analysis contained in Defendants' Memorandum in Opposition (D.E. 48 at 30–33), this Court should grant Sergeant Peay qualified immunity and dismiss Plaintiff's First Cause of Action.

## **CONCLUSION**

For the reasons stated herein, Defendants ask that this Court grant their Cross-Motion for Summary Judgment on the basis that Sergeant Peay is entitled to qualified immunity because he did not violate clearly established law.

---

[1] *See* Defs.' Memo. in Opp. to Pl.'s Mot. for Summ. J. (D.E. 48 at 30–33.)

DATED this 12th day of February, 2016.

                        **STIRBA, P.C.**

                    By:      /s/ Jeffrey D. Mann
                            PETER STIRBA
                            JULIA D. KYTE
                            JEFFREY D. MANN
                            ***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2016, a true copy of the foregoing **DEFENDANTS' AMENDED CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** was served by the method indicated below, to the following:

| | |
|---|---|
| Robert B. Sykes<br>Alyson Carter McAllister<br>Rachel L. Sykes<br>SYKES McALLISTER LAW OFFICES, PLLC<br>311 South State Street, Suite 240<br>Salt Lake City, Utah 84111 | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) Electronic Filing |
| Richard T. Williams<br>ALLEN PACE LAW, P.C.<br>2550 Washington Blvd., Suite 300<br>Ogden, Utah 84401 | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) Electronic Filing |

/s/ Zachary B. Hoddy
Legal Assistant