PETER STIRBA (Bar No. 3118)
JULIA D. KYTE (Bar No. 13113)
JEFFREY D. MANN (Bar No. 13795)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, UT 84110-0810
Telephone: (801) 364-8300
Fax:  (801) 364-8355
Email: jmann@stirba.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN AND JANE DOES 1-10,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>Case No. 1:14-cv-00147-TC<br><br>Judge Tena Campbell<br>Magistrate Judge Brooke C. Wells<br><br>***ORAL ARGUMENT REQUESTED*** |

Defendants Sergeant Daniel Scott Peay ("Sergeant Peay") and Morgan County, (collectively, "Defendants"), by and through undersigned counsel of record, hereby submit this Memorandum in Opposition to Plaintiff's Motion to Compel Discovery. For the reasons stated herein, Defendants respectfully ask this Court to deny Plaintiff's Motion.

## INTRODUCTION

Defendants objected to Plaintiff's request for personnel files regarding Deputy Christian Peay for three reasons: (1) they are are not relevant to any claims or defenses or reasonably calculated to lead to discovery of admissible evidence; (2) the request was overly broad and/or unduly burdensome; and (3) the records are not subject to disclosure under Utah Government Records Access and Management Act ("GRAMA") without a court order. Rather than address any of these objections or cite any authority, Plaintiff's Motion to Compel focuses on a speculative hypothetical credibility issue and argues that Plaintiff needs Deputy Peay's personnel records because Plaintiff believes the Defendants "might" "possibly" challenge Deputy Peay's credibility with some unknown information that "might" exist in Deputy Peay's file.

Plaintiff provides no authority that this is a legitimate reason to produce irrelevant non-public documents protected from disclosure by State law. Plaintiff has failed to meet her burden and her argument for disclosure is unfounded. Thus, her motion should be denied.

## FACTS

1. On December 1, 2015, Plaintiff submitted a second set of discovery requests, pursuant to the order of Judge Wells, for "any and all Morgan County internal affairs reports or internal investigation reports regarding any questionable action or matter of potential disciplinary concern pertaining to Daniel Scott Peay or Christian Peay." (Pl.'s Ex. 1 at 3.)

2. Defendants objected to this request with respect to Christian Peay on three grounds: (1) it was not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (2) it was overly broad and/or unduly burdensome; and (3) the requested documents were classified as "private," "protected," or

"controlled" by the Utah Governmental Records Access and Management Act ("GRAMA"). (Pl.'s Ex. 2 at 1–4.)

3. Plaintiff's counsel responded within one day and rather than trying to resolve the dispute, said: "I don't see you changing your mind based upon your answer, so we will file a motion to compel with a magistrate." (Pl.'s Ex. 3 at 2.)

4. Defendants' counsel continued to try to resolve the issue in good faith: "if you have some case law to support that you are entitled to an officer's private records and/or non-party officer's private records, I would ask that you please provide that case law or other authority first, before submitting a Motion to Compel to give us an actual opportunity to resolve it first in good faith without Court involvement." (Pl.'s Ex. 3 at 1.)

5. Plaintiff's counsel failed to cite any case law or other authority showing they were entitled to the records, but continued to insist that the records should be produced. (Pl.'s Ex. 4 at 1–2.)

6. Defendants' counsel reiterated that the documents could not be disclosed under GRAMA absent a court order and that they were not relevant or admissible (Pl.'s Ex. 5 at 1–5.). Further, Defendants' counsel stated that disclosure was prohibited "based on the agreement between Christian and Morgan County." (Pl.'s Ex. 7 at 1.) Plaintiff's counsel was aware of the agreement because Deputy Christian Peay testified in his deposition that he entered into a settlement agreement with Morgan County at the end of his employment, which had specific terms regarding disclosure. (*See* Deposition of Deputy Christian Peay ("Deputy Peay Dep.") 36:23–37:12, attached as Ex. A.)

## ARGUMENT

**I. PLAINTIFF HAS FAILED TO MEET HER BURDEN FOR A MOTION TO COMPEL**

In any motion to compel discovery "there are two burdens at play . . . ." *Jensen v. West Jordan City*, Case No. 2:12-cv-736, 2015 WL 5254430 *1 (D. Utah Sept. 9, 2015) (unpublished); *see* FED. R. CIV. P. 34 & 37. First, the moving party has the initial burden "of bringing an objection 'into play,'" which "requires the movant to address the objection raised." *Id.* (citation omitted). In addition, under the District of Utah's local rules, the moving party must include "a statement showing that counsel making the motion has made a reasonable effort to reach agreement with opposing counsel *on the matters set forth in the motion*," DUCivR 37-1(a)(1) (2015) (emphasis added), and "a succinct statement, *separately for each objection*, summarizing why the response received was inadequate." *Id.* at 37-1(b) (emphasis added); *see Jensen*, 2015 WL 5254430 *1. "To demonstrate that a response was inadequate, a movant has an implicit obligation to address relevance because the scope of discovery is limited to information relevant to any party's claim or defense." *Jensen*, 2015 WL 5254430 *1 (citing FED. R. CIV. P. 26(b)(1)).

Only if the moving party can meet this initial burden does she "place[] the burden on the objecting party to support its objections." *Id.* (quotation omitted). Plaintiff has failed to meet her initial burden, meaning Defendants are not obligated to support their objections.

First, Plaintiff's motion does not include a statement that she made a "reasonable effort to reach an agreement with opposing counsel on the matters set forth in the motion." A few letters and emails went back and forth between counsel, but Plaintiff's counsel never mentioned the credibility issue in those discussions or attempted to resolve the issues of relevance and GRAMA

4

restrictions before filing the motion to compel. Rather, Plaintiff's counsel indicated that he intended to file a motion to compel the day after Defendants' served their discovery response without communicating the nature of the perceived inadequacy. (*See* Pl.'s Ex. 3 at 2.) On the other hand, Defendants' counsel explained the reasons for the objections and asked Plaintiff's counsel for "some case law to support that you are entitled to an officer's private records and/or non-party officer's private records" so that the parties could have "an actual opportunity to resolve it first in good faith without Court involvement." (Pl.'s Ex. 3 at 1; *see* Pl.'s Ex. 5 at 1.) However, Plaintiff's counsel never provided any authority to attempt to show why Plaintiff was entitled to the documents.

Second, Plaintiff's motion does not put Defendants' objections "into play" because it does not address Defendants' objections on grounds of relevancy, overbreadth, and GRAMA or summarize why the response was inadequate. Instead, Plaintiff's entire motion to compel relates to an alleged "important credibility issues" regarding Deputy Christian Peay that has nothing to do with the Defendants' stated objections and was never mentioned in any communication between the parties' counsel. (*See* Pl.'s Motion to Compel at 5–7.) Essentially, Plaintiff argues that Defendants should be compelled to produce irrelevant, non-public documents protected from disclosure by State law (for which Defendants could face criminal penalties if disclosed)[1] because of a hypothetical credibility issue. But this fails to address Defendants' objections and thus does not shift the burden to Defendants to support their objections.

Third, and relatedly, Plaintiff does not show how the request is relevant to a claim or defense. Plaintiff only argues that Defendants "might" use the requested documents to impeach

---

[1] *See* UTAH CODE ANN. § 63G-2-801(1).

5

Deputy Peay, but provides no indication how anything in the requested documents could be used to impeach. Plaintiff admits in its introductory paragraph that the requested documents are only "quite probably relevant to Christian's credibility," (Pl.'s Mot. at 2), but provides no further explanation in her argument as to how anything requested is relevant to his credibility. (*See* Pl.'s Mot. at 5–7.) Without fully addressing the relevancy of the requested documents, Plaintiff cannot meet her burden to compel disclosure.

## II. THE REQUESTED DOCUMENTS ARE NOT SUBJECT TO DISCLOSURE BECAUSE THEY ARE IRRELEVANT, PROTECTED BY UTAH'S GRAMA STATUTE, AND THE REQUEST IS OVERLY BROAD AND UNDULY BURDENSOME

Only after the moving party meets her initial burden and "the objections are brought into play," does "the moving party place[] the burden on the objecting party to support its objections." *Jensen*, 2015 WL 5254430 *1 (quotation omitted). Here, Plaintiff fails to meet her burden. However, assuming, *arguendo*, that Plaintiff has met her burden, she is still not entitled to the requested documents because (A) they are irrelevant, (B) the request is overbroad and unduly burdensome, and (C) the documents cannot be disclosed pursuant to Utah's GRAMA statute without a court order.[2]

### A. The Requested Documents Are Not Relevant To Any Party's Claim or Defense

The Federal Rules of Civil Procedure limit the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Although

---

[2] In addition to the above, Plaintiff acknowledges that Deputy Peay "was fired from his job as Deputy Sheriff for Morgan County." (Pl.'s Mot. at 6.) Plaintiff is also aware that when his employment ended, he reached a settlement agreement that included a restriction on disclosing information. (*See* Deputy Peay Dep. 36:23–37:12.) Deputy Peay's personnel file and requested records regarding internal reports are subject to this settlement agreement and may not be disclosed for this additional reason. (*See* Pl.'s Ex. 7 at 1.)

6

Plaintiff's request related only to internal reports regarding conduct that could potentially result in discipline, Plaintiff now appears to be expanding the request as she repeatedly refers to Deputy Peay's entire file throughout her motion. (*See* Pl.'s Mot. at 5–7.) Nevertheless, Plaintiff does not explain how the requested records regarding Deputy Christian Peay, a non-party, is relevant to this case other than claiming that it may contain information that Defendants "might" use to impeach Deputy Peay. Not every document contained in his personnel file, or even reports about "potential disciplinary concern" can be used to impeach the credibility of a witness. This is simply a fishing expedition and this Court should not compel production of irrelevant documents.

### B.    Plaintiff's Request is Overbroad And Unduly Burdensome

"Even when matters are relevant, the court must limit discovery if the 'burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case . . . the importance of the issues at state . . . and the importance of the discovery in resolving the issues.'" *Ovard v. Summit County*, Case No. 2:11-cv-592, 2012 WL 59003847 *3 (D. Utah Nov. 26, 2012) (unpublished) (quoting FED. R. CIV. P. 26(b)(2)(C)(iii)). A court "must" also limit discovery that is "unreasonably cumulative or duplicative" or when a party "had ample opportunity to obtain the information" but failed to do so. FED. R. CIV. P. 26(b)(2)(C)(i) & (ii).

Here, Plaintiff's main argument is that Defendants may try to impeach Deputy Peay if he testifies at trial regarding Sergeant Peay's use of force to stop the Plaintiff from ramming her car into the law enforcement vehicles on the night of November 25, 2012. Plaintiff relies upon a supposed dispute between what Deputy Peay said on or shortly after the night of the incident as compared to his memory at the time of his deposition three years later. However, Plaintiff

ignores that Deputy Peay admitted that his prior statements are more accurate than his memory at the time of his deposition three years later.

For example, Deputy Peay testified: (1) that he said on an audio recording immediately after the incident "she tried to ram our vehicles, ram me, run me down," (Deputy Peay Dep. at 72:19–73:13); (2) in an interview a few hours after the incident he said that he believed he could have been hit by Plaintiff's car, (*id.* at 65:20–66:22); (3) in his report, which he prepare the morning after the incident, he stated that he believed the Plaintiff was targeting him at the time the shot was fired, (*id.* at 59:11–60:6); (4) he posted a statement on Facebook the day after the incident wherein he said "I know if Scott did not shoot her, I would have been struck by her vehicle," (*id.* at 67:22–68:15); and (5) that he would rely on the statements he made soon after the incident (i.e. in his report, interview, etc.) because his memory has faded and because his bitterness toward Morgan County for his termination may have affected how he remembers and feels about the incident, (*id.* at 30:11–37:1, 75:19–76:4, 78:4–5).

Deputy Peay's statements in his report, recorded interview, and other statements he made at or near the time of the incident are sufficient to clear up his memory, making impeachment regarding his deposition statements likely unnecessary, even if something contained in the file were possible to use for impeachment purposes. Defendants have produced these recorded statements to Plaintiff. The burden of producing internal reports far outweighs the likely benefit, in light of the importance of the evidence (potential, hypothetical impeachment only) and the existing evidence on the issue of Deputy Peay's beliefs regarding the threat of harm at the time of the incident, especially when Plaintiff cannot articulate any specifics as to what the benefit might be if the documents were produced.

Finally, Plaintiff had ample opportunity during Deputy Peay's deposition to question him about "internal affairs reports or internal investigation reports regarding any questionable action or matter of potential disciplinary concern" for impeachment evidence but failed to do so.

For all of these reasons, the request is overly broad and unduly burdensome and Plaintiff's motion should be denied.

### C.   The Requested Documents Are Private Documents That May Not Be Disclosed Pursuant To Utah's GRAMA Statute

Finally, Defendants objected on the grounds that Utah's GRAMA statute "prohibits government entities from disclosing 'private, controlled, and protected records' absent certain circumstances, such as a court order." *Ovard*, 2012 WL 5903847 *4 (quoting UTAH CODE ANN. § 63G-2-201(5)); *see* UTAH CODE ANN. § 63G-2-202(1)(e)(i). If a government employee violates these prohibitions, he or she is guilty of a class B misdemeanor. UTAH CODE ANN. § 63G-2-801(1).

It is Defendants' position that the requested documents are private, making disclosure prohibited absent a court order, because of the nature of the personnel files as records of a government employee, especially as they relate to matters of personal privacy unrelated to this case. *See, e.g.* UTAH CODE ANN. §§ 63G-2-302(1)(g), (h), and (i) (records of former government employees are private); 63G-2-302(2)(d) (classifying as private records that "constitute a clearly unwarranted invasion of personal privacy"); & 63G-2-303 (records of "at-risk government employees," including peace officers, are private).[3]

---

[3] If the Court were to order production of the requested documents, Defendants would request that they be subject to a protective order.

9

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to deny Plaintiff's Motion for Sanctions.

DATED this 16th day of February, 2016.

**STIRBA, P.C.**

By:      /s/ Jeffrey D. Mann
      PETER STIRBA
      JULIA D. KYTE
      JEFFREY D. MANN
      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2016, a true copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** was served by the method indicated below, to the following:

| | |
|---|---|
| Robert B. Sykes<br>Alyson Carter McAllister<br>Rachel L. Sykes<br>SYKES McALLISTER LAW OFFICES, PLLC<br>311 South State Street, Suite 240<br>Salt Lake City, Utah 84111 | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) Electronic Filing |
| Richard T. Williams<br>ALLEN PACE LAW, P.C.<br>2550 Washington Blvd., Suite 300<br>Ogden, Utah 84401 | (  ) U.S. Mail, Postage Prepaid<br>(  ) Hand Delivered<br>(  ) Overnight Mail<br>(  ) Facsimile<br>(X) Electronic Filing |

_____