ROBERT B. SYKES (#3180)
    bob@sykesinjurylaw.com
ALYSON C. McALLISTER (#9886)
    alyson@sykesinjurylaw.com
RACHEL L. SYKES (#11778)
    rachel@sykesinjurylaw.com
**SYKES McALLISTER LAW OFFICES, PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah 84111
Telephone (801) 533-0222
Facsimile (801) 533-8081

RICHARD T. WILLIAMS (#9115)
    rich@arplegal.com
**ALLEN PACE LAW, P.C.**
2550 Washington Blvd., Suite 300
Ogden, Utah 84401
Telephone (801) 393-9600
Facsimile (801) 399-4194

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTINE BIGGS JOHNSON, | ) | **PLAINTIFF'S <u>REPLY</u> MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR SPOLIATION OF EVIDENCE** |
| Plaintiff, | ) | |
| vs. | ) | |
| DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN and JANE DOES 1-10, | ) | Civil No. 1:14-cv-147-TC |
| Defendants. | ) | Judge Tena Campbell |

## THE ISSUE

The issue here is simple. What sanction should Defendants suffer for not producing an internal shooting investigation done by the Morgan County Sheriff's Office?

## PLAINTIFF'S RESPONSE TO DEFENDANTS' ALLEGED FACTS

1. On December 1, 2015, Plaintiff submitted a supplemental discovery request, pursuant to the order of Judge Wells, for "any and all Morgan County internal affairs reports or internal investigation reports regarding any questionable action or matter of potential disciplinary concern pertaining to Daniel Scott Peay or Christian Peay." (Pl.'s Ex. 2 at 3.)

**REPLY:** **Admit**, although the subject discovery request was included in "Plaintiff's Second Set of Discovery," which was not identified as a "supplemental" discovery request. Further, the unidentified "order of Judge Wells" was simply a prior Order granting an extension of fact discovery, which had nothing to do with the content of Plaintiff's discovery requests.

2. Defendants responded to this request by informing Plaintiff that the only document that is potentially responsive to this request with respect to Sergeant Peay is a letter stating that he was cleared by the Review Board and could return to active duty. (Pl.'s Ex. 3 at 4; see Pl.'s Ex. 8 at 1.)

**REPLY:** **Admit** that Defendants responded as claimed.

3. Defendants further stated that the letter had not been located, but that when it is located, "it will be promptly supplemented." (Id.)

**REPLY:** **Admit** that Defendants responded as claimed.

4. Although Sergeant Peay did not mention a letter during his deposition, he did testify: "after I was cleared from the shooting review board I was placed on duty." (Sergeant Peay Dep. 17:11–22, Pl.'s Ex. 1.)

**REPLY:** **Admit** that Sgt. Peay testified as claimed.

5.    Chief Kevin Edwards of the Morgan County Sheriff's Office prepared the letter in question. He has stated by declaration that the letter "confirmed that Sergeant Peay went before the Internal Review Shooting Board to ensure that his actions were in accord with Morgan County's policies" and that "after review, Sergeant Peay's actions were found to be in compliance with Morgan County's policies." (Declaration of Chief Kevin Edwards ¶¶ 4–5, attached as Ex. A.)

**REPLY:** **Deny.** Sgt. Peay never "went before the Internal Review Shooting Board." As Peay testified in his deposition:

> Q. Who was on that review board?
> A. I know Chief Edwards oversaw it. I don't know who was on the board.
> ***Q. Were you interviewed as part of that?***
> ***A. No.***

S.Peay Depo. 18:10-14 (emphasis added).

6.    In addition, Chief Edwards has explained that despite their best efforts in searching for the letter, a hard copy has not been located yet, and the electronic original was likely lost when Chief Edwards' computer crashed in the spring of 2015. (Id. at ¶¶ 7–8.)

**REPLY:** Plaintiff is without sufficient confirming information to admit or deny this explanation, so **denies** same.

7.    Chief Edwards also stated in his declaration that there have been "no intentional efforts to remove, lose, or destroy the letter" and that Defendants will continue to try to locate the letter, which will promptly be produced to Plaintiff when it is located. (Id. at ¶ 9.)

**REPLY:** Plaintiff is without sufficient confirming information to admit or deny this claim, so **denies** same.

## ARGUMENT

**Prejudice**. Defendants' Opposition states that "Chief Kevin Edwards of the Morgan County Sheriff's Office prepared the letter in question." Doc. 50, p.3, Fact 5. According to Sgt. Peay, Edwards "oversaw" the Shooting Review Board[1], which was convened "within the first week" after the shooting. S.Peay Depo. 17:20-22. This is troubling, since Edwards was the one who accompanied Sgt. Peay, not in his administrative capacity, but as personal and independent "support," when Peay was interviewed by Julie Curtis, Investigator with the Davis County Attorney's Office, and John Herndon, Detective with the Davis County Sheriff's Office:

> Curtis: ...Um, let's go ahead and get everybody that is here in the room. Um, if we could go ahead and start.
>
> Peay: My name is Scott Peay, and I go by Scott. (Inaudible).
>
> Curtis: Ok. Would you spell your last name?
>
> Peay: Peay, P-E-A-Y.
>
> Curtis: Ok.
>
> Edwards: Kevin Edwards, Chief Deputy with the Morgan County Sheriff's Office.
>
> Curtis: Ok and you are here completely Kevin as ...
>
> Edwards: Support.
>
> Curtis: Support Staff, um, no administration duties on this one.
>
> Edwards: No.

"Interview With Scott Peay," MCSO_00262, 1:2-12.

It is curious that the Chief Deputy of the Morgan County Sheriff's Office attended Sgt. Peay's interview taken by representatives of the Davis County Attorney's Office "in support" of Sgt. Peay, then days later "oversaw" the Morgan County Internal

---

[1] S.Peay Depo. 18:11-12.

Review Shooting Board that allegedly promptly cleared Peay of any wrongdoing. This strongly suggests that the Shooting Board's review was something less than objective.

Defendants opine "[t]he failure to produce the letter will not prejudice Plaintiff because the letter is favorable to Defendants." *Id*. at 7. We disagree. We would like to know if the Internal Shooting Review Board viewed any of the relevant dash-cam videos of this incident, or whether they interviewed any of the witnesses. What did this review board *review* in order to conclude Sgt. Peay should be put back on the street with his department-issued sidearm? Apparently they did not even speak with Sgt. Peay. *See* Response to Defs' alleged Fact 5.

In other words, the missing letter may have been favorable to Sgt. Peay, but we will not know without the letter. It may have criticized his actions. But just as important, it may have been unfavorable to Morgan County, another Defendant. The letter may suggest an internal review whitewash of Sgt. Peay's actions in this very serious incident. Obviously it would have been beneficial to Plaintiff if the review board had reviewed all the evidence and gone about its duties objectively, considering whether anyone was actually in imminent danger at the time Sgt. Peay shot at Ms. Johnson's head. Maybe it did so. But Plaintiff cannot know what the review board considered, nor how they allegedly came to clear Sgt. Peay, because the document reporting on the review board's action is somehow missing and not produced. Plaintiff is thereby prejudiced in her inability to show the results of Morgan County's Internal Review Shooting Board, and possibly show harmful facts to Defendants' case. The documents

may also show that the Morgan County Sheriff's Office essentially whitewashed and covered up Sgt. Peay's unnecessary use of excessive force, which resulted in the loss of Ms. Johnson's eye, among other things.

**Duty to Preserve**. Morgan County had a duty to preserve this Shooting Review Board document and negligently failed in this duty. Any document associated with an officer involved shooting has obvious import and should be preserved, particularly since litigation is always a possibility in such circumstances. As noted above, the elements are present calling for this Court to impose spoliation sanctions:

> A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of evidence.

*Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1032 (10th Cir. 2007).

Plaintiff cannot show that Morgan County intentionally destroyed this evidence, but the circumstances are suspicious. It is undisputed that the document existed. The fact that the document is unable to be produced obviously proves that Morgan County failed to preserve it.

> Spoliation is the destruction or significant alteration of evidence, ***or the failure to preserve property*** for another's use as evidence in pending or reasonably foreseeable litigation.

*W. v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999) (emphasis added).

Incongruously, Defendants claim that "Plaintiff has not met her burden of proving that Defendants failed to preserve or destroyed the letter." Defs' Opp., p.5.

This is untrue because the circumstances so suggest. If the document has been preserved, we would like to see it.

<u>CONCLUSION</u>

Plaintiff's Memorandum in Support (Doc. 46) provides the facts and the law that justify granting this Motion. Defendants' Opposition provides no fact or law that compels the Court to deny the Motion, as noted herein. Defendants have shown no way to get around the undisputed facts or the laws to which Plaintiff has cited. Plaintiff's Motion should be granted. She asks for relief as the Court deems proper and just in the premises.

Appropriate sanctions include:

1.　Striking Defendants' Answer and entering a default on liability;

2.　Precluding Defendants from arguing related to the alleged finding of the investigation;

3.　Giving the jury an adverse inference instruction; and

4.　Monetary sanctions.

DATED this 9th day of March, 2016.

**SYKES McALLISTER LAW OFFICES**

*　/s/ Robert B. Sykes*
ROBERT B. SYKES
ALYSON C. McALLISTER
RACHEL L. SYKES
*Attorney for Plaintiff*

Q:\CLIENT\3022 BIGGS-JOHNSON3\_MOT10\_Ps M for Sanctions re Spoliation\Ps REPLYMM re Ps M re Spoliation.wpd