IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>Plaintiff,<br>v.<br><br>DANIEL PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a political subdivision, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | **ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>Case No. 1:14-cv-147-TC-BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

District Judge Tena Campbell has referred this case to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A).[1] On March 23, 2016, the Court heard oral argument on the Plaintiff's Motion to Compel Discovery.[2] At the hearing, Plaintiff was represented by Mr. Robert Sykes and Defendants were represented by Mr. Peter Stirba. At the conclusion of the hearing the Court required Defendant Peay to submit to the court for in camera review by April 6th, 2016, any investigative reports regarding this incident involving Christian Peay or Sergeant Peay. The Court further required counsel to submit a detailed affidavit explaining efforts to locate documents and to provide documents related to Christian Peay's resignation/termination.[3] Since oral argument, the Court has had the opportunity to further consider the arguments made by counsel in their briefs and the parties arguments during oral argument, and has reviewed the documents submitted for in-camera inspection. Now, being fully informed, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

---

[1] Docket no. 15.

[2] Docket no. 47.

[3] Docket no. 62.

**BACKGROUND**

On November 24, 2012, Plaintiff was shot by police officer Sergeant Scott Peay following a vehicular pursuit ("the incident"). The incident resulted in Plaintiff losing her left eye. This lawsuit arises out of that incident. Both Sergeant Scott Peay and his brother Deputy Christian Peay were directly involved in the vehicular pursuit. Sergeant Scott Peay has justified using force against Plaintiff claiming that he was concerned that Plaintiff would utilize the vehicle to run over his brother. Christian Peay also made post-incident comments that he and his brother were in danger of being run over by Plaintiff. However, at a recent deposition Christian Peay testified that neither he nor his brother Sergeant Scott Peay were in any danger when the shot was fired by Sergeant Scott Peay.

Plaintiff seeks documents related to Christian Peay's involvement in the incident and other documents related to his termination/resignation from the Morgan County police department. Plaintiff expects Christian Peay to be a witness in her case in chief and seeks these documents to prepare for cross-examination.

**ANALYSIS**

I. **Motion to Compel Discovery**

Plaintiff moves this Court for an Order compelling Defendants to produce certain internal affairs documents or internal investigation reports involving Christian Peay's involvement in the incident with Plaintiff, documents related to Christian Peay's termination/resignation from his position with Morgan County, a particular internal shooting review board letter that Defendant has acknowledged the existence of, but has not produced. Alternately, Plaintiff seeks an Order prohibiting Defendants from challenging Christian Peay's credibility at trial.

Defendants argue that the documents sought are irrelevant, the request is overbroad, and argues that disclosure should be restricted pursuant to Utah's governmental records act. In addition, Defendants argue that any disclosure of documents should occur under the protection of a Protective Order.[4]

The Federal Rules of Civil Procedure allow the scope of discovery to encompass "any nonprivileged matter that is relevant to any party's claim or defense…."[5] As Christian Peay's credibility may be at issue due to conflicting statements about the incident, Plaintiff has a right to nonprivileged information related to Christian Peay. At the same time, Christian Peay is not the Defendant in this matter, and there is both burden and expense involved in the request for discovery.[6] Considering the competing issues at play, the Court finds as follows:

### a. Internal Shooting Review Board Letter

The Court reviewed a Declaration of Chief Deputy Kevin Edwards dated February 8, 2016 and an additional Declaration of Chief Deputy Kevin Edwards dated April 4, 2016. The Declarations acknowledge that Sergeant Peay went before the Internal Shooting Review Board shortly after the incident and the Board determined that Sergeant Peay's actions were in compliance with Morgan County policies. The Declarations further acknowledge that a letter was prepared confirming that Sergeant Peay's actions were in compliance with Morgan County's policies. Despite acknowledging the existence of the letter, Mr. Edwards acknowledges that a subsequent computer crash resulted in certain files not being recovered, including the letter regarding the Internal Shooting Review Board's findings with respect to Sergeant Peay. Given the foregoing sworn testimony, the Court is reluctant to compel the production of a document

---

[4] The Court directs the parties to DUCivR 26-2 and to the Court's standard protective order.

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See Ovard v. Summit County*, Case No. 2:11-cv-592, 2012 WL 5903847 *3 (D. Utah Nov. 26, 2012) (unpublished) (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)).

that is no longer in the possession of Morgan County. While a Motion for Sanctions for Spoliation of Evidence is currently pending in this case,[7] for purposes of this Motion, the Court Denies Plaintiff's request to compel this document. However, the Court will require Defendants to produce to Plaintiff both Declarations of Chief Deputy Kevin Edwards.

### b. Internal Affair Reports and other internal investigation reports concerning Christian Peay.

After review of the documents submitted for in camera inspection, the Court is convinced that the information contained in certain disciplinary write-ups involving Christian Peay may be relevant to both cross-examination and/or possible impeachment of Christian Peay at trial, although the vast number of documents submitted for in camera review are irrelevant. Moreover, the Court finds that Christian Peay's termination/resignation from Morgan County was not based in whole or in part on Christian Peay's involvement in the incident with Ms. Johnson and therefore declines to compel Defendant's to produce such documents.

However, what is relevant to the current motion is that Christian Peay was counseled on numerous occasions that there were discrepancies in his written reports (i.e. Christian Peay's account of events in a Synopsis Report not matching the events as detailed in an initial R/O Field Report, or daily activity log.) There were also instances in which the events Christian Peay detailed in his written reports contradicted what could be observed on video footage of the same event.

At this juncture, the Court finds that Plaintiff is entitled to a summary of instances in which Deputy Christian Peay was counseled, written up, or subject to investigation due to discrepancies in various written reports or discrepancies in Christian Peay's written reports as

---
[7] Docket no. 50.

compared to what can be observed on video and gives Defendants fourteen (14) days to produce a summary of these events to Plaintiff.

### c. Alternately, Plaintiff seeks an order prohibiting an attack on Christian Peay's credibility at trial.

The Court declines to enter an order prohibiting an attack on Christian Peay's credibility at trial at this time. After both parties have the opportunity to review the summary of discrepancies in Christian Peay's written reports, the parties may file a motion in limine on this issue if deemed appropriate prior to trial.

## CONCLUSION & ORDER

For the foregoing reasons, the Court HEREBY ORDERS that:

(1) Plaintiff's Motion to Compel Discovery[8] is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's Request for the internal shooting board letter regarding Defendant Peay and this incident is DENIED. However, Defendant shall produce the Declarations of Chief Deputy Kevin Edwards, dated February 8, 2016 and April 4, 2016. This denial of the Motion shall have no bearing on Plaintiff's Motion for Sanctions for Spoliation of Evidence.

    b. Defendants are required to compile a summary of dates and events in which Christian Peay was counseled, written up, or otherwise disciplined for discrepancies in his written reports or his reports as compared to video of said events and produce said summary by April 22, 2016.

---

[8] Docket no. 47.

**IT IS SO ORDERED.**

    DATED this 8 April 2016.

                              Brooke C. Wells
                              United States Magistrate Judge