PETER STIRBA (Bar No. 3118)
JULIA D. KYTE (Bar No. 13113)
JEFFREY D. MANN (Bar No. 13795)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, UT 84110-0810
Telephone: (801) 364-8300
Fax: (801) 364-8355
Email: jmann@stirba.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL SCOTT PEAY, a Morgan County Sheriff's Sergeant, MORGAN COUNTY, a Political Subdivision; and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:14-cv-00147-TC<br><br>Judge Tena Campbell<br>Magistrate Judge Brooke C. Wells<br><br>***ORAL ARGUMENT REQUESTED*** |

Defendants Sergeant Daniel Scott Peay ("Sergeant Peay") and Morgan County, (collectively, "Defendants"), by and through undersigned counsel of record, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and DUCivR 56-1, hereby submit this Motion for Summary Judgment and Memorandum in Support. As explained in detail below, the undisputed material facts show that Defendants are entitled to judgment as a matter of law. Defendants respectfully ask this Court to grant their *Motion* and dismiss all claims against them.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ...................................................................................................... iii

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS ............................. 4

    I. Violation of Plaintiff's Due Process Rights Pursuant to 42 U.S.C. § 1983 Against Sergeant Peay.................................................................................................................... 5

    II. Unlawful or Deficient Policies, Procedures and/or Protocols Against Morgan County Pursuant to 42 U.S.C. § 1983. ......................................................................................... 8

    III. Failure to Train and/or Supervise Against Morgan County Pursuant to 42 U.S.C. § 1983. ................................................................................................................................. 8

    IV. Violation of State Constitutional Rights Pursuant to 28 U.S.C. § 1367(a) Against All Defendants. ....................................................................................................................... 9

ARGUMENT .............................................................................................................................. 10

    I. SUMMARY JUDGMENT STANDARD ...................................................................... 10

    II. PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE CLAIMS OF EXCESSIVE FORCE ARISING FROM AN ARREST, INVESTIGATORY STOP, OR SEIZURE MUST BE BROUGHT UNDER THE FOURTH AMENDMENT. ............................................................................................. 10

    III. PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE MORGAN COUNTY CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983 WHEN SERGEANT PEAY'S CONDUCT DID NOT AMOUNT TO A CONSTITUTIONAL VIOLATION. ................................................... 11

    IV. PLAINTIFF'S FIFTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE DEFENDANTS DID NOT COMMIT A FLAGRANT VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE UTAH CONSTITUTION. ........................... 13

CONCLUSION ........................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ........................................................... 10

*Adler v. Wal-Mart Stores*, 144 F.3d 664 (10th Cir. 1998) ................................................. 10

*Am. W. Bank Members, L.C. v. State*, 2014 UT 49, 342 P.3d 224 ................................ 9, 14

*Brosseau v. Haugen*, 543 U.S. 194 (2004) ........................................................................ 11

*Cardall v. Thompson*, 845 F.Supp. 2d 1182 (D. Utah 2012) ............................................. 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................. 10

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) .......................................................... 12

*Estate of Larsen v. Murr*, 511 F.3d 1255 (10th Cir. 2008) ................................................ 12

*Graham v. Connor*, 490 U.S. 386 (1989) ..................................................................... 5, 10

*Green v. Post*; 574 F.3d 1294 (10th Cir. 2009) ................................................................... 5

*Jensen v. Cunningham*, 250 P.3d 465, 482 (Utah 2011) .............................................. 13, 14

*P.J. ex rel. Jensen v. Utah*, No. 2:05CV00739 PGC, 2006 WL 1702585 (D. Utah June 16, 2006) (unpublished) ........................................................................................................ 13

*Pearson v. Callahan*, 555 U.S. 223 (2009) ......................................................................... 5

*Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014) .................................................................... 11

*Spackman v. Bd. of Educ. of Box Elder Cty. Sch. Dist.*, 2000 UT 87, 16 P.3d 533 ...... 13, 14

*State v. Lafferty*, 2001 UT 19, 20 P.3d 342 ....................................................................... 13

*State v. Newland*, 2010 UT App 380, 253 P.3d 71 ............................................................ 14

*Thomas v. Durastanti*, 607 F.3d 655 (10th Cir. 2010) ...................................................... 11

*Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511 (10th Cir. 1995) ............................... 12

**Statutes**

28 U.S.C. § 1367(a) .............................................................................................................. 9

42 U.S.C. § 1983 ........................................................................................................... 11, 14

**Rules**

DUCivR 56-1 ........................................................................................................................ 4

Fed. R. Civ. P. 56 ................................................................................................................ 10

**Constitutional Provisions**

Utah Const. art. I § 14 ........................................................................................... 13
Utah Const. art. I § 25 ........................................................................................... 13
Utah Const. art. I § 7 ............................................................................................. 13
Utah Const. art. I § 9 ............................................................................................. 13

**INTRODUCTION**

Plaintiff Kristine Biggs Johnson ("Plaintiff") brought five causes of action against Defendants, each of which depends on a finding that Sergeant Daniel Scott Peay ("Sergeant Peay") used excessive force in effectuating an arrest of Plaintiff on November 25, 2012 after Plaintiff used her truck to ram multiple law enforcement vehicles while attempting to evade arrest. The first cause of action, against Sergeant Peay, was for excessive force under the Fourth Amendment. The second cause of action, also against Sergeant Peay, is for excessive force in violation of Plaintiff's due process rights. Plaintiff's third and fourth causes of action, against Morgan County, is for deficient policies, procedures, and protocols and failure to adequately train and supervise law enforcement officers. The final cause of action, against all Defendants, is for violation of Plaintiff's rights under the Utah Constitution.

This Court granted Sergeant Peay summary judgment on Plaintiff's first cause of action in its Order and Memorandum Decision ("Peay Order") entered on August 8, 2016 finding that Sergeant Peay's use of force was reasonable and not in violation of Plaintiff's Fourth Amendment rights. ([Docket No. 73](Docket No. 73)). Given this finding, Defendants now request that the Court grant them summary judgment dismissing Plaintiff's remaining causes of action for the following reasons: (1) claims of excessive force during the course of an arrest, investigatory stop, or seizure must be analyzed under the Fourth Amendment; (2) liability against a Morgan County is precluded because Sergeant Peay's conduct did not amount to a constitutional violation; and (3) Defendants did not flagrantly violate Plaintiff's rights under the Utah Constitution. Defendants respectfully request that this Court grant them summary judgment and dismiss all of Plaintiff's claims against them.

1

## BACKGROUND

### *November 25, 2012 Incident*

On the night of November 25, 2012, Plaintiff was driving from Wyoming through Utah with altered license plates. A week before, she pled guilty in Wyoming to a charge of driving under the influence. As part of her probation, she was ordered to have a substance abuse evaluation, not to consume or possess any alcohol, and not to leave the state without permission from probation. Her license had also been suspended since 2011.

Plaintiff has criminal history in three states that includes assaulting a police officer, resisting arrest, domestic violence, and at least two convictions for driving under the influence. She has also threatened to commit suicide on several occasions and threatened to shoot to kill anyone, including law enforcement, that tried to intervene. A few months before the events of this case, Plaintiff was taken to the hospital to have her stomach pumped for ingesting too much alcohol.

Sometime in the evening of November 25, Plaintiff stopped at a gas station in Evanston, Wyoming and purchased a large bottle of vodka. A few minutes before 10:00 p.m., Deputy Christian Peay ("Deputy Peay") observed Plaintiff driving without headlights on going the opposite direction of him on Interstate 84 in Morgan County, Utah. Deputy Peay alerted his brother, Sergeant Peay, who was in the area, of Plaintiff's vehicle and the two attempted to pull her over with lights and sirens. However, Plaintiff did not stop.

Instead, Plaintiff fled from the police, led them on a pursuit through Morgan, Weber, and Davis counties that lasted approximately thirty minutes, reached speeds of 90 miles per hour, and continued even after the police had deployed tire spikes, Plaintiff's vehicle was driving on rims,

and she had crashed into the highway's center concrete barrier. When it appeared as though Plaintiff was finally giving up, she slowed down on East Cottonwood Drive in Davis County and several police cars pulled up behind her.

But rather than submit to the authorities, Plaintiff abruptly turned her car around and rammed Sergeant Peay's patrol vehicle, nearly hitting Sergeant Peay. Sergeant Peay yelled at Plaintiff to stop the car with his service revolver aimed at her, but Ms. Johnson proceeded to back up her vehicle, and with a look of rage on her face she screamed something, turned her gaze towards Sergeant Peay's brother, Deputy Christian Peay, and rammed into Deputy Peay's patrol vehicle near where Deputy Peay was standing. Fearing for the life and safety of his brother as well as other officers on the scene, Sergeant Peay fired a single shot through the windshield of Plaintiff's truck, which hit Plaintiff near her left eye.

When Plaintiff was arrested, the officers retrieved a half empty bottle of vodka from her vehicle and a blood test revealed that Plaintiff had a blood-alcohol level of .358, almost four times the legal limit. Plaintiff was charged with a variety of crimes including aggravated assault for the use of her vehicle as a weapon against the police officers, driving under the influence, and failure to stop at the command of a police officer, and she eventually pled guilty to the latter two.

*Procedural History and Summary Judgment*

Plaintiff filed her Complaint on November 13, 2014.[1] Plaintiff filed an Amended Complaint on December 9, 2014.[2] On January 13, 2015, Plaintiff filed "Plaintiff's Motion for Summary Judgment on Liability Against Defendant Peay."[3] On February 10, 2016 Defendants

---

[1] *See* Complaint (D.E. 2).
[2] *See* Am. Compl.
[3] *See* Plaintiff's Motion for Summary Judgment on Liability Against Defendant Peay

filed a Memorandum in Opposition to Plaintiff's Motion and a Cross-Motion for Summary Judgment.[4] On February 12, 2016, Defendants also filed an Amended Cross-Motion for Summary Judgment.[5]

On August 8, 2016, this Court issued the Peay Order denying Plaintiff's Motion and granting Defendants' Amended Cross-Motion.[6] This Court found that, given the circumstances, Sergeant Peay's use of force was reasonable and that "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[7] As a result, the Court granted Sergeant Peay qualified immunity.[8]

## STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

Pursuant to DUCivR 56-1(b)(2), and for the purposes of summary judgment only, Defendants submit the following statement of the elements Plaintiff must prove to prevail on her claim and a statement of material facts to which Defendants contend no genuine issues exist. This Court granted Sergeant Peay summary judgment on Plaintiff's first cause of action and, as a result, it is not addressed here.[9]

---

("Plaintiff's Motion") (D.E. 37).
  [4] *See* Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on Liability Against Defendant Peay (D.E. 48); Defendants' Cross-Motion for Summary Judgment and Memorandum in Support ("Defendants' Cross-Motion") (D.E. 49).
  [5] *See* Defendants' Amended Cross-Motion for Summary Judgment and Memorandum in Support (D.E. 51).
  [6] *See* Peay Order at 25.
  [7] *Id*. at 15.
  [8] *Id*. at 19.
  [9] *Id*. at 25.

## I. Violation of Plaintiff's Due Process Rights Pursuant to 42 U.S.C. § 1983 Against Sergeant Peay.

Plaintiff's second cause of action alleges that "if Plaintiff is not deemed to have been 'seized' under the *Graham* elements relating to the Fourth Amendment," then Sergeant Peay's use of force violated Plaintiff's due process rights.[10] There are six elements that must be proven in order for Plaintiff to prevail on her § 1983 due process claim against Sergeant Peay:[11]

*Element 1: Sergeant Peay was acting under the color of authority of the State of Utah.*

1. Around 10:00 p.m. on November 25, 2012, Deputy Peay spotted Plaintiff driving down Interstate 85 in Morgan County without headlights on.[12]

2. Deputy Peay notified Sergeant Peay, his brother, who was also on duty in the area.[13]

*Element 2: Sergeant Peay's use of force was not during the course of an arrest, investigatory stop, or seizure.*

3. Sergeant and Deputy Peay attempted to pull Plaintiff over using lights and sirens, but Plaintiff did not pull over.[14]

4. Plaintiff then led law enforcement officers (eventually a group of seven) on a thirty-minute chase through three counties with speeds up to 90 miles per hour.[15]

---

[10] *See* First Amended Complaint ("Am. Compl."), ¶¶ 83-85 (D.E. 3).
[11] *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009).
[12] *See* Peay Order at 3.
[13] *Id*.
[14] *Id*.
[15] *Id*. at 3-4.

5.   The Morgan County Sheriff's Department attempted to stop Plaintiff by placing spikes in her path, but Plaintiff continued to drive, despite at one point driving on only three tire rims and one tire.[16]

6.   Near the end of the chase, Plaintiff drove down an exit ramp heading east on Cottonwood Drive.[17] Eventually, Plaintiff came to a temporary stop and Sergeant Peay, Deputy Peay, and Officer Jeffrey Dingman blocked Plaintiff from heading westbound on Cottonwood Drive.[18]

7.   As Sergeant and Deputy Peay were exiting their vehicles, Plaintiff immediately backed up.[19]

8.   Sergeant Peay approached the truck with his gun drawn and ordered Plaintiff to stop and get out of the truck.[20]

9.   Plaintiff then drove forward and rammed her truck into Sergeant Peay's patrol car with enough force to jerk the vehicle.[21] Plaintiff backed up a second time and looked at Sergeant Peay with an expression of rage, screamed something as she looked at him, and revved her engine.[22]

10.   Plaintiff then turned her wheel and deliberately headed toward Deputy Peay's vehicle.[23] As she drove forward, Deputy Peay dropped out of Sergeant Peay's line of sight.[24]

---

[16] *Id*. at 4.
[17] *Id*.
[18] *Id*.
[19] *Id*. at 5.
[20] *Id*.
[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *Id*.

11. Sergeant Peay reasonably believed that Plaintiff posed an immediate threat of physical harm or death to Deputy Peay and the other officers at the scene.[25]

12. Plaintiff rammed into Deputy Peay's car with even stronger force than the previous collision and Deputy Peay's vehicle jolted back.[26]

13. As she rammed Deputy Peay's vehicle, Sergeant Peay fired his gun and the truck finally stopped.[27]

*Element 3:* Sergeant Peay's use of force violated plaintiff's clearly established constitutional right.

14. On August 8, 2016, this Court issued the Peay Order denying Plaintiff's Motion and granting Defendants' Amended Cross-Motion.[28]

15. This Court found that, given the circumstances, Sergeant Peay's use of force was reasonable and that "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[29] As a result, the Court granted Sergeant Peay qualified immunity.[30]

*Element 4: Sergeant Peay's use of force shocked the conscience.*

16. This Court found that, given the circumstances, Sergeant Peay's use of force was reasonable and that "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[31] As a result, the Court granted Sergeant Peay qualified immunity.[32]

---

[25] *Id.* at 10.
[26] *Id.* at 5.
[27] *Id.*
[28] *Id.* at 25.
[29] *Id.* at 15.
[30] *Id.* at 19.
[31] *Id.* at 15.
[32] *Id.* at 19.

*Element 5: Sergeant Peay's use of force was the proximate cause of plaintiff's injuries.*

17.     Determination of this element is a question of law.

## II.     Unlawful or Deficient Policies, Procedures and/or Protocols Against Morgan County Pursuant to 42 U.S.C. § 1983.

To prevail on her third cause of action, Plaintiff must prove two elements:[33]

*Element 1: Sergeant Peay's conduct amounted to a constitutional violation.*

18.     This Court found that, given the circumstances, Sergeant Peay's use of force was reasonable and that "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[34] As a result, the Court granted Sergeant Peay qualified immunity.[35]

*Element 2: A Morgan County policy, procedure, or protocol was the moving force behind the constitutional violation.*

19.     Plaintiff has not pointed to any specific Morgan County policy, procedure, or protocol as the basis for her claims.

## III.     Failure to Train and/or Supervise Against Morgan County Pursuant to 42 U.S.C. § 1983.

To prevail on her fourth cause of action, Plaintiff must prove two elements:[36]

*Element 1: Sergeant Peay's conduct constituted a constitutional violation.*

20.     This Court found that, given the circumstances, Sergeant Peay's use of force was reasonable and that "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[37] As a result, the Court granted Sergeant Peay qualified immunity.[38]

---

[33] *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).
[34] *Id*. at 15.
[35] *Id*. at 19.
[36] *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).
[37] *Id*. at 15.
[38] *Id*. at 19.

8

*Element 2: A Morgan County's training and supervision of law enforcement was the moving force behind the constitutional violation.*

21. Plaintiff has pointed to no specific Morgan County training or supervisory conduct to support her claims.

**IV. Violation of State Constitutional Rights Pursuant to 28 U.S.C. § 1367(a) Against All Defendants.**

To prevail on her fifth cause of action, Plaintiff must prove three elements:[39]

*Element 1: Plaintiff suffered flagrant violation of her constitutional rights.*

22. This Court found that, given the circumstances, Sergeant Peay's use of force was reasonable and that "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[40] As a result, the Court granted Sergeant Peay qualified immunity.[41]

*Element 2: Existing remedies do not redress Plaintiff's injuries.*

23. This element does not need to be addressed because this Court has already found that the first element fails.

*Element 3: Equitable relief was and is wholly inadequate to protect her rights or redress her injuries.*

24. This element does not need to be addressed because this Court has already found that the first element fails.

---

[39] *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 38, 342 P.3d 224 (quoting *Spackman v. Bd. of Educ. of Box Elder Cty. Sch. Dist.*, 2000 UT 87, ¶¶ 23-25, 16 P.3d 533).
[40] *Id.* at 15.
[41] *Id.* at 19.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment has the burden of showing there is no genuine issue as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine factual dispute exists when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 670 (10th Cir. 1998). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).[42]

### II. PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE CLAIMS OF EXCESSIVE FORCE ARISING FROM AN ARREST, INVESTIGATORY STOP, OR SEIZURE MUST BE BROUGHT UNDER THE FOURTH AMENDMENT.

The Supreme Court has made it clear that claims of excessive force arising from conduct during the course of an arrest, investigative stop or seizure must be analyzed under the Fourth Amendment and cannot be analyzed under a substantive due process approach. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive government conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide

---

[42] In the Peay Order, this Court held, after reviewing the entire record, there was no genuine dispute of the material fact. (D.E. 73 at 3 n.5).

for analyzing these claims." *Id*. The United States Supreme Court and the Tenth Circuit have consistently analyzed cases involving the use of force during a police chase and subsequent arrest under the Fourth Amendment, not under the Fifth or Fourteenth Amendments. *See [Mullenix v. Luna](), 136 S. Ct. 305, 308 (2015)*; *[Plumhoff v. Rickard](), 134 S. Ct. 2012, 2020 (2014)*; *[Brosseau v. Haugen](), 543 U.S. 194, 197 (2004)*; *[Thomas v. Durastanti](), 607 F.3d 655, 663 (10th Cir. 2010)*.

This Court has already analyzed the relevant facts in this matter under the Fourth Amendment in granting Sergeant Peay summary judgment on Plaintiff's first cause of action.[43] Plaintiff's second cause of action is essentially the same claim, only it is presented "in the alternative" as a claim for a violation of Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments.[44] Since this claim can only exist under the Fourth Amendment, and the Court has already adjudicated Plaintiff's claim of excessive force under the correct constitutional provision, the Court should grant Defendants summary judgment on Plaintiff's second cause of action.

### III. PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE MORGAN COUNTY CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983 WHEN SERGEANT PEAY'S CONDUCT DID NOT AMOUNT TO A CONSTITUTIONAL VIOLATION.

Plaintiff's third and fourth causes of action are brought against Morgan County, pursuant to 42 U.S.C. § 1983 for "unlawful or deficient policies, procedures, and/or protocols" and for "failure to train and/or supervise" which Plaintiff alleges caused Sergeant Peay to use excessive

---

[43] *See* Peay Order at 15.
[44] *See* Am. Compl. at ¶ 83.

force against Plaintiff.[45] The first step in establishing municipal liability is showing that a law enforcement officer's conduct constituted a constitutional violation. A municipality "may not be held liable under this theory . . . if there are no underlying constitutional violations by its officers." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). Without a "constitutional injury at the hands of the individual police officer, the fact that the department regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). "[W]hen a finding of qualified immunity is based on a conclusion that the officer has committed no constitutional violation – i.e., the first step of the qualified immunity analysis – a finding of qualified immunity **does preclude** the imposition of municipal liability." *Jiron v. City of Lakewood*, 392 F.3d 410, 419 n.8 (10th Cir. 2004) (internal citation omitted) (emphasis added).

In *Estate of Larsen v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008), the estate of a suspect brought a claim of excessive force against an officer for shooting the suspect during the course of an arrest. The estate also brought claims against the City and County of Denver for insufficient policies regarding the use of force and failure to adequately train and supervise police officers. *Id*. at 1264. Analyzing the claims under the Fourth Amendment, the Tenth Circuit found that the officer's use of force "in these circumstances was objectively reasonable." *Id*. at 1263. Further, the undisputed facts were "insufficient to show a constitutional violation." *Id*. at 1264. Turning to the claims against the municipalities, the Tenth Circuit found that "[b]ecause no constitutional violation exists here, the district court properly granted summary judgment on the claims against the City and County of Denver." *Id*.

---

[45] *See Id.* at ¶¶ 90-114.

The issues presented in this matter are nearly identical to those in *Estate of Larsen*. Plaintiff has alleged that Sergeant Peay's use of force was constitutionally excessive and that the policies, training and supervision provided by Morgan County caused Sergeant Peay to use excessive force. This Court found that Sergeant Peay's actions were reasonable under the Fourth Amendment and that Sergeant Peay was entitled to qualified immunity. As a result, the imposition of liability on Morgan County is precluded. This Court must award Morgan County summary judgment on Plaintiff's third and fourth causes of action.

IV. **PLAINTIFF'S FIFTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE DEFENDANTS DID NOT COMMIT A FLAGRANT VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE UTAH CONSTITUTION.**

In her fifth and final cause of action, Plaintiff alleges that the Defendants violated her rights under Article I, Sections 7 (due process), 9 (cruel and unusual punishment), 14 (unreasonable search and seizure), and 25 (impairment of rights of the people) of the Utah Constitution based on the premise that Sergeant Peay used excessive force.[46] For a claim to be actionable under the Utah Constitution, the constitutional provision must be self-executing. *Jensen v. Cunningham*, 2011 UT 17, ¶ 58, 250 P.3d 465. Utah courts have found that Article I, Sections 7, 9, and 14 meet this requirement. *Spackman v. Bd. of Ed. of Box Elder Cty.*, 2000 UT 87, ¶ 10, 16 P.3d 533 (holding that Section 7 is self-executing) ; *State v. Lafferty*, 2001 UT 19, ¶ 73, 20 P.3d 342 (holding that Section 9 is self-executing); *Jensen,* 2011 UT at ¶ 63 (holding that Section 14 is self-executing). Article I, Section 25 is not self-executing. *P.J. ex rel. Jensen v. Utah*, No. 2:05CV00739 PGC, 2006 WL 1702585, at \*14 (D. Utah June 16, 2006) (unpublished). As a result, Plaintiff's claim under Article I, Section 25 is not actionable.

---

[46] *See* Am. Compl. at ¶¶ 115-133.

Regardless, Morgan County is entitled to summary judgment because Plaintiff cannot establish that she suffered a flagrant violation of her rights. Damages for a violation of the Utah Constitution are only appropriate if a plaintiff establishes three elements: (1) plaintiff suffered a "flagrant violation" of her constitutional rights; (2) existing remedies do not redress her injuries; and (3) equitable relief was and is wholly inadequate to protect plaintiff's rights or redress her injuries. *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 38, 342 P.3d 224 (quoting *Spackman*, 2000 UT at ¶¶ 23-25. Regarding the "flagrant violation" element, the Utah Supreme Court stated:

> This element is not satisfied unless the conduct violates clearly established constitutional rights of which a reasonable person would have known . . . A right is not clearly established unless its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right . . . The flagrant requirement ensures that a government employee is allowed the ordinary human frailties of forgetfulness, distractibility, or misjudgment without rendering [him or her]self liable for a constitutional violation.

*Jensen v. Cunningham,* 2011 UT at ¶ 26 (internal citations omitted). The *Jensen* court further stated that there "cannot be a flagrant violation . . . ***if there was a reasonable basis*** to warrant the particular intrusion." *Id.* at ¶ 98 (emphasis added). This is essentially the same test as the one determining qualified immunity under 42 U.S.C. § 1983. *Cardall v. Thompson*, 845 F.Supp. 2d 1182, 1197 (D. Utah 2012). However, the flagrant violation standard is much higher than the reasonableness standard under the Fourth Amendment. *State v. Newland*, 2010 UT App 380, ¶ 20, 253 P.3d 71.

This Court has already determined that Sergeant Peay's use of force was reasonable given the circumstances and did not violate clearly established law.[47] "Sergeant Peay was faced

---

[47] *See* Peay Order at 15 (internal citation omitted).

14

with a situation that was 'tense, uncertain, and rapidly evolving.' Looking at the situation from the perspective of a reasonable officer in all of the circumstances . . . Sergeant Peay's use of force against [Plaintiff] was reasonable . . . "[48] Further, "the contours of [Plaintiff's] right were not clearly established at the time of the incident."[49]

Regarding Morgan County, Plaintiff fails to point to any specific conduct at all, let alone any unconstitutional conduct. Plaintiff only provides vague and conclusory statements that Morgan County's policies and the training and supervision of law enforcement officers were insufficient.[50] The record is also devoid of any evidence of unconstitutional policies, training, or supervision. Plaintiff's claims against Morgan County rest solely on Sergeant Peay's use of force. Since Sergeant Peay's actions were reasonable and did not violate clearly established law, there cannot be a flagrant violation of Plaintiff's rights. As a result, this Court must grant Defendants summary judgment and dismiss Plaintiff's fifth cause of action.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that this Court grant them summary judgment and dismiss all claims against them.

DATED this 17th day of August 2016.

**STIRBA, P.C.**

By:     /s/ Jeffrey D. Mann
    PETER STIRBA
    JULIA D. KYTE
    JEFFREY D. MANN
    *Attorneys for Defendants*

---

[48] *Id*.
[49] *Id*.
[50] *See* Am. Compl. at ¶¶ 98-99, 108-110.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2016, a true copy of the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION AND MEMORANDUM IN SUPPORT** was served by the method indicated below, to the following:

| | |
|---|---|
| Robert B. Sykes<br>Alyson Carter McAllister<br>Rachel L. Sykes<br>SYKES McALLISTER LAW OFFICES, PLLC<br>311 South State Street, Suite 240<br>Salt Lake City, Utah 84111 | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) Electronic Filing |
| Richard T. Williams<br>ALLEN PACE LAW, P.C.<br>2550 Washington Blvd., Suite 300<br>Ogden, Utah 84401 | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) Electronic Filing |

/s/ Jane Wiscomb
Legal Assistant