IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KRISTINE BIGGS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL SCOTT PEAY and MORGAN COUNTY,<br><br>　　　　　Defendants. | ORDER<br><br>AND MEMORANDUM DECISION<br><br><br>Case No. 1:14-cv-147-TC |

　　　　In this civil rights case, Plaintiff Kristine Biggs Johnson filed five causes of action. Under 42 U.S.C. § 1983, she brought her first, second, third, and fourth causes of action: the first two were filed against individual Defendant Daniel Scott Peay (excessive force and violation of her due process rights), and the third and fourth causes of action name Defendant Morgan County (unlawful or deficient policies, procedures, and/or protocols, and failure to train and/or supervise). (See First Am. Compl., Docket No. 3.) Her fifth cause of action, brought against both Defendants, alleges violation of her civil rights under the Constitution of the State of Utah. (Id.) The court has original jurisdiction over the § 1983 claims and supplemental jurisdiction over the fifth cause of action under 28 U.S.C.A. § 1367(a). (Id.)

　　　　On August 8, 2016, the court granted qualified immunity to Defendant Daniel Peay (a sergeant with Morgan County Sheriff's Office). (See Aug. 8, 2016 Order & Mem. Decision (Docket No. 73).) That ruling dismissed Ms. Johnson's first cause of action. Now the

Defendants, in their latest motion for summary judgment, ask the court to grant judgment in their favor on the remaining claims.[1]

The court agrees with the Defendants that the second, third, and fourth causes of action must be dismissed with prejudice because the court found that Sergeant Peay did not violate a clearly established constitutional right.[2]  To prevail on the second cause of action (substantive due process), Ms. Johnson would need to establish that Sergeant Peay's conduct "exhibited conscience-shocking 'deliberate indifference'" toward Ms. Johnson.  Green v. Post, 574 F.3d 1294, 1302 (10th Cir. 2009).  The court's finding that Sergeant Peay's actions were reasonable under the circumstances precludes her ability to establish the necessary elements of a due process claim.  As for the third and fourth causes of actions against Morgan County, Ms. Johnson would need to establish, among other elements, that Sergeant Peay's conduct violated Ms. Johnson's constitutional rights.  "[A] municipality cannot be liable under § 1983 if the officer in fact inflicted no constitutional harm."  Jiron v. City of Lakewood, 392 F.3d 410, 419 (10th Cir. 2004) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).  Accordingly, the Defendants are entitled to summary judgment on those three claims.

But Ms. Johnson's fifth cause of action (violation of the Utah Constitution) is of a

---

[1] Accompanying the Defendants' motion for summary judgment on the second, third, fourth and fifth causes of action is their motion requesting leave to file that motion out of time (the deadline for filing dispositive motions expired on June 1, 2016).  Ms. Biggs did not expressly oppose that motion, and, in fact, responded to the motion for summary judgment.  The court finds that the Defendants have shown good cause for filing the motion at this stage of the case.  Accordingly, the court GRANTS Defendants' Motion for Leave to file their motion requesting judgment on causes of action two through five (Docket No. 74).

[2] Indeed, Ms. Biggs does not oppose dismissal of the second, third and fourth causes of action because, she acknowledges, "those Causes of Action are dependent upon Defendant Scott Peay not having qualified immunity."  (Pl.'s Opp'n Mot. Summ. J. at 2, Docket No. 78.)

different nature.  Ms. Johnson opposes the Defendants' request to dismiss the fifth cause of action with prejudice and notes that "violation of Article I, Section 14 of the Utah Constitution . . . involves a different standard, i.e., proof of a 'flagrant' violation of rights [which] is not subject to a qualified immunity defense."  (Pl.'s Opp'n to Mot. Summ. J. on Pl.'s Fifth Cause of Action at 2, Docket No. 78.)

The court declines to reach the merits of Ms. Johnson's due process claim.  The court's jurisdiction over the fifth cause of action is purely supplemental.  See 28 U.S.C.A. § 1367(a) (West 2016) (court has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  The court had original jurisdiction over this case because Ms. Johnson filed the suit under the federal civil rights statute 42 U.S.C. § 1983.  Clearly Ms. Johnson's state law claim formed part of the same case or controversy that arose under federal civil rights law.  But the court may, in its discretion, decline to exercise its supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  Because all of the § 1983 claims have been dismissed, the court will not consider the fifth cause of action.

Independently, Ms. Johnson filed a Motion to Dismiss the Fifth Cause of Action Without Prejudice (Docket No. 77) (emphasis in original), for essentially the same reason.  She asks the court to decline supplemental jurisdiction because a dismissal without prejudice will allow her to file her due process claim in state court.  The court grants her motion.  But the court's dismissal of the fifth cause of action without prejudice is not a comment on the merits or viability of her claim in state court.

**ORDER**

For the reasons set forth above, the court orders as follows:

1.  The Defendants' Motion for Leave to File Defendants' Motion for Summary Judgment on Plaintiff's Second, Third, Fourth and Fifth Causes of Action (Docket No. 74) is GRANTED.

2.  The Defendants' Motion for Summary Judgment on Plaintiff's Second, Third, Fourth and Fifth Causes of Action (Docket No. 75), which seeks dismissal of <u>all</u> remaining claims with prejudice, is GRANTED IN PART AND DENIED IN PART. The Plaintiff's Motion to Dismiss the Fifth Cause of Action <u>Without Prejudice</u> (Docket No. 77) is GRANTED. Specifically, the court dismisses the second, third, and fourth causes of action <u>with prejudice</u>. The fifth cause of action is dismissed <u>without prejudice</u>. The Clerk of the Court is directed to close the case.

SO ORDERED this 31st day of August, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge